JOHN L. MALEVITIS, Plaintiff-Appellant, v. ALBERT BROOKS FRIEDMAN *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—00—1527

Opinion filed June 29, 2001.

John L. Malevitis, of J.L. Malevitis & Associates, Ltd., of Chicago, for appellant.

Albert Brooks Friedman, of Albert Brooks Friedman, Ltd., of Chicago, for appellees.

JUSTICE THEIS delivered the opinion of the court:

Plaintiff, John L. Malevitis, filed an action to recover damages from defendants, Albert Brooks Friedman and Albert Brooks Friedman, Ltd., for alleged defamation and false light invasion of privacy. The trial court granted Friedman's motion to dismiss the complaint, finding that the statements were made during the course of a judicial proceeding and were therefore absolutely privileged. The issue on appeal is whether the statements were sufficiently related to the judicial proceedings to subject them to the absolute privilege doctrine. For the following reasons, we affirm.

The alleged defamatory statements were made during the pendency of a breach of contract action that had been filed on behalf of Albert Brooks Friedman, Ltd., a professional corporation, against attorneys John L. Malevitis and James Stamos, formerly doing business as Stamos and Malevitis, Ltd. The breach of contract claim arose after Friedman's client, Sally Ruecking, discharged Friedman and hired Stamos and Malevitis, Ltd., to represent her in the same matter. After receiving an award in *quantum meruit*, Friedman sought to recover additional attorney fees under an alleged fee-division agreement negotiated with Stamos. The trial court subsequently granted plaintiff's motion to dismiss the breach of contract claim and this court affirmed. *Albert Brooks Friedman, Ltd. v. Malevitis*, 304 Ill. App. 3d 979, 710 N.E.2d 843 (1999). Thereafter, Friedman filed a petition for rehearing in the appellate court, and a petition for leave to appeal to the supreme court.

These petitions are the subject of the current complaint wherein Malevitis alleges that Friedman made the following defamatory statements: " 'He [Malevitis] knew that he had stolen the file from Friedman to begin it ***' "; " 'Mr. Malevitis chased an existing case because of the personal relationship with Mr. Friedman's client' "; " 'It is embarrassing for legal professionals to have these public policy exceptions carved out to protect perfidious lawyers' "; and " 'Nobody who has read the opinion of the Appellate Court feels the opinion was just, fair or has any relationship to protecting anyone other than a dishonest lawyer.' " Count I of the complaint alleges that these statements constitute defamation *per se* because they are not relevant to any issue in the case and impute to Malevitis dishonesty and unethical conduct in his profession. Count II of the complaint alleges that the statements intend to cast Malevitis in a false light by stating that he is unethical and dishonest in his profession and further alleges that the statements would be highly offensive to a reasonable person.

Friedman subsequently filed a motion to dismiss the complaint pursuant to sections 2—615 and 2—619(a)(9) of the Illinois Code of

Civil Procedure (the Code) (735 ILCS 5/2—615, 2—619(a)(9) (West 1998)), arguing that the statements were made in the context of a judicial proceeding and were therefore subject to an absolute privilege. The trial court agreed and granted Friedman's motion.

●1 Malevitis now contends that the trial court erred in granting the motion to dismiss because the alleged defamatory statements were not pertinent or relevant to the breach of contract action and were not connected to an important social purpose. Initially, we note that a section 2—619 motion may be granted when the claim asserted is barred by some affirmative matter defeating the claim. 735 ILCS 5/2—619(a)(9) (West 1998). The absolute privilege is an affirmative defense that may be raised and determined under section 2—619. *Harris v. News-Sun*, 269 Ill. App. 3d 648, 651, 646 N.E.2d 8, 10 (1995). Whether a particular statement is privileged is a question of law to be reviewed *de novo. Barakat v. Matz*, 271 Ill. App. 3d 662, 667, 648 N.E.2d 1033, 1038-39 (1995).

●2 The scope of the privilege is set forth in section 587 of the Restatement (Second) of Torts, which provides in pertinent part:

> "A party to a private litigation *** is absolutely privileged to publish defamatory matter concerning another *** during the course and as a part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding." Restatement (Second) of Torts § 587, at 248 (1977).

The requirement that statements made in a judicial proceeding be pertinent or relevant is not strictly applied. *Popp v. O'Neil*, 313 Ill. App. 3d 638, 642, 730 N.E.2d 506, 510 (2000). The privilege will attach even where the defamatory statement is not confined to specific issues related to the litigation (*Libco Corp. v. Adams*, 100 Ill. App. 3d 314, 317, 426 N.E.2d 1130, 1132 (1981)), and all doubts should be resolved in favor of a finding of pertinency (*Skopp v. First Federal Savings*, 189 Ill. App. 3d 440, 448, 545 N.E.2d 356, 361 (1989)). Although a party may not introduce into a judicial proceeding inflammatory matters entirely unrelated to the litigation, he is not liable for those statements that have any bearing on the subject at issue regardless of his motive or the unreasonableness of his conduct. *Lykowski v. Bergman*, 299 Ill. App. 3d 157, 165, 700 N.E.2d 1064, 1071 (1998).

●3 Applying these principles to the present case, we find that the statements made by Friedman were sufficiently related to the proceedings to subject them to an absolute privilege. The underlying controversy before the court involved Malevitis' argument that the purported fee-division arrangement was void and unenforceable under public policy and the Rules of Professional Conduct because the agreement lacked the consent of the client. When the court agreed, Fried-

man countered that the ruling was erroneous because it allowed Malevitis to profit by his own dishonesty by not having his client approve a fee-division agreement entered into by his partner at his request, and that the Rules of Professional Conduct should not be used as a shield to protect lawyers from honoring their obligations under fee-splitting agreements. The statements, when taken in this context, involve the validity of the purported agreement and the efficacy of the Rules of Professional Conduct and are, therefore, sufficiently related to the judicial proceedings to warrant the application of the absolute privilege.

While we recognize and do not condone the lack of civility displayed by the intemperate statements describing counsel as a "perfidious" and "dishonest" lawyer, we find the remedy for such conduct more appropriately sought in the form of sanctions. We are also mindful that the privilege is grounded in the furtherance of some interest of social importance. Here, the interest is the "public interest in according to all [persons] the utmost freedom of access to the courts of justice for the settlement of their private disputes." Restatement (Second) of Torts § 587, Comment *a*, at 249 (1977). That protection is afforded "irrespective of [the] purpose in publishing the defamatory matter." Restatement (Second) of Torts § 587, Comment *a*, at 249 (1977). Accordingly, we conclude that the trial court did not err in dismissing Malevitis' claims based on defamation and false light invasion of privacy, as the statements made to the court were absolutely privileged.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

QUINN, P.J., and REID, J., concur.