THIRD DIVISION

August 29, 2001

No. 1-00-3768

BRIAN HARTLEP ) Appeal from the 

) Circuit Court of

Plaintiff-Appellant, ) Cook County.

)

v. ) 

)

DAVID TORRES, Chief of Police ) 

of Posen, Illinois ) Honorable 

) David R. Donnersberger,

Defendant-Appellee. ) Judge Presiding.

JUSTICE WOLFSON delivered the opinion of the court:

Plaintiff Brian Hartlep brought this suit for slander against defendant David Torres, Chief of Police of the Village of Posen, Illinois, alleging Torres made defamatory statements when he characterized Hartlep "as being not trustworthy, and not re-employable."  Because Torres spoke the allegedly defamatory words while testifying at a disciplinary hearing before the Village of Glenwood Board of Fire and Police Commissioners (BFPC), the trial court found the statements were absolutely privileged.  The trial court then granted Torres' section 2-619 motion to dismiss Hartlep's complaint.  See 735 ILCS 5/2-619 (West 1998).  We affirm.

FACTS

On April 7, 1999, Torres testified before the Glenwood BFPC in a disciplinary hearing involving Hartlep:

Q What was your experience with Brian [Hartlep] as a police officer?

A In terms of?

Q His performance?

A Well, my personal experience with Mr. Hartlep was – 

MR. MCGUIRE [plaintiff's counsel]; Objection; relevance and materiality as to performance.  We're not here for the generalization.  We should get to the specifics which, unfortunately, the Board wants to get to.

MR. BROIHIER [BFPC counsel]; You indicated there was a difficulty with his employment at Posen; why don't we go to that.

Torres then testified that while Hartlep was working as a probationary police officer for the Village of Posen, he "made a pass at a female driver who was stopped by Officer Hartlep on a traffic incident, and that he had given his business card to this young lady with his home telephone number."  According to Torres, Hartlep was "in violation of our rules and regulations pertaining to his conduct and ethics * * *."  When asked if Torres would re-employ Hartlep, Torres said, "No, I would not."  

Torres' testimony was inconsistent, however, with a statement filed by the Village of Posen with the Illinois Department of Employment Security.  The statement indicated that although Hartlep had once been suspended, he was reliable and subject to being rehired by the Village of Posen.

DECISION
 

On appeal, Hartlep contends the trial court erred in granting Torres' motion to dismiss because the allegedly defamatory statements were not pertinent or relevant to the disciplinary hearing before the BFPC of the Village of Glenwood.

A section 2-619 motion may be granted when the claim asserted is barred by some affirmative matter defeating the claim.  735 ILCS 5/2-619(a)(9) (West 1998).  An absolute privilege is an affirmative defense that may be raised and determined under section 2-619.  
Malevitis v. Albert Brooks Friedman, Ltd.
, No. 1--00--1527, slip op. at 3 (June 29, 2001).  "Whether a particular statement is privileged is a question of law" we review 
de
 
novo
.  
Malevitis
, No. 1--00--1527, slip op. at 3. 

"It is the established law of Illinois that statements made during quasi-judicial proceedings are absolutely privileged ([citations]
),
 and such protection encompasses testimony given before administrative agencies, as well as communications to administrative agencies, when these agencies are performing a judicial function.  ([Citations.])"  
Parrillo, Weis & Moss v. Cashion
, 181 Ill. App. 3d 920, 925-26, 537 N.E.2d 851 (1989).

Hartlep agrees "There is no question *** the plaintiff-appellant was involved in an administrative proceeding involving discipline, ***."  See 65 ILCS 5/10-2.1-17 (West 1998) (The BFPC "shall conduct a fair and impartial hearing *** [E]ach member of the board shall have power to administer oaths and affirmations, and the board shall have power to secure by its subpoena both attendance and testimony of witnesses ***.")  The Glenwood BFPC was performing a judicial function.

Hartlep contends, however, that "[a]lthough Torres did testify as a witness before the Glenwood [BFPC], ***, he was not absolutely privileged as his testimony had no relation to the proceeding ***."  We do not agree.

The scope of the privilege is set forth in section 588 of the Restatement (Second) of Torts (1977), which states in pertinent part:

"A witness is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding or as a part of a judicial proceeding in which he is testifying, if it has some relation to the proceeding."  Restatement (Second) of Torts § 588 (1977).  See also 
Bushell v. Caterpillar, Inc.
, 291 Ill. App. 3d 559, 562, 683 N.E.2d 1286 (1997).

The requirement that statements made in a judicial proceeding be pertinent or relevant is not strictly applied.  See Restatement (Second) of Torts §588, Comment c, at 251 (1977).  "The privilege will attach even where the defamatory statement is not confined to specific issues related to the litigation ([citation]), and all doubts should be resolved in favor of a finding of pertinency ([citation])."  
Malevitis
, No. 1--00--1527, slip op. at 4.  

Although a witness may not introduce inflammatory evidence entirely unrelated to the litigation, the witness is not liable for those statements having any bearing on the subject at issue, regardless of the witness' motive or the unreasonableness of the witness' conduct.  
Malevitis
, No. 1--00--1527, slip op. at 4, citing 
Lykowski v. Bergman
, 299 Ill. App. 3d 157, 165, 700 N.E.2d 1064 (1998).

Applying these principles to the present case, we find the statements made by Torres were sufficiently related to the proceedings to subject them to an absolute privilege.  The transcript excerpts quoted in Hartlep's complaint support our conclusion.  At some point during Hartlep's disciplinary hearing, the presiding officer for the BFPC said, "You [the prosecutor] indicated there was a difficulty with his employment at Posen; why don't we go to that."  Torres then provided the allegedly defamatory testimony.

Because Torres' allegedly defamatory statements were published "in response to a question put to the witness by either counsel or by the judge, that fact is sufficient to bring it within the protection of the privilege, notwithstanding the fact that it is subsequently adjudged to be inadmissible."  Restatement (Second) of Torts §588, Comment c, at 251 (1977).  We conclude the trial court did not err in dismissing Hartlep's slander claim, as the statements made to the BFPC were absolutely privileged.

The judgment of the trial court is affirmed.

Affirmed.

HALL, P.J., and BURKE, J., concur.