THIRD DIVISION
FILED: February 22, 2006

No.  1-05-1906

BRIAN ZYCH,                              )      APPEAL FROM THE
                                         )      CIRCUIT COURT OF
          Plaintiff-Appellant,           )      COOK COUNTY
                                         )
               v.                        )
                                         )
MYRON TUCKER,                            )      HONORABLE
                                         )      JEFFREY LAWRENCE,
          Defendant-Appellee.            )      JUDGE PRESIDING.


     PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

     This is an appeal by the plaintiff, Brian Zych, from an order

of the circuit court dismissing his action for defamation and

malicious prosecution.  For the reasons which follow, we affirm the

dismissal of the malicious prosecution claim, reverse the dismissal

of the defamation claim, and remand this cause to the circuit court

for further proceedings.

     The facts necessary to a resolution of this appeal are not in

dispute.  In his complaint, the plaintiff alleged that at all times

relevant, he was a Cook County Sheriff's police officer and

charged, inter alia, that:

          "[T]he defendant, MYRON TUCKER, published a written

statement which accused *** [him] of using excessive force, and [stating] that he [the defendant] was 'publicly beaten', terrorized', brutalize (sic), 'tortured' and 'humiliated by this psychotic cop.' The defendant further accused the plaintiff of being 'totally out of control, follow[ing] his own rules, [and] disrespecting the public, policy and procedure.'"

The plaintiff also alleged that the defendant knew that his statements were false and that he published them for the purpose of revenge and retaliation because the plaintiff had arrested him. According to the complaint, the plaintiff became the subject of an administrative investigation as a result of the defendant's false accusations, and he was required to respond. The plaintiff sought recovery on theories of defamation per se and malicious prosecution.

The defendant filed a motion pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2004)), seeking a dismissal of the plaintiff's suit on the grounds that the actions alleged in the complaint are absolutely privileged. According to the motion, the written statement referred to in the complaint is a letter which the defendant sent to the Office of Internal Affairs of the Cook County Sheriff's Police Department (OIA). Although the motion is not supported by affidavit in this

1-05-1906

regard (see 735 ILCS 5/2-619(a) (West 2004)), the plaintiff's response to the motion concedes that the letter was sent to the OIA as alleged. The circuit court granted the defendant's motion, and this appeal followed.

When, as in this case, an action is dismissed pursuant to a section 2-619 motion, the question on appeal is whether there is a material issue of fact to be decided and whether the defendant is entitled to judgment as a matter of law. Illinois Graphics Co. v. Nickum, 159 Ill. 2d 469, 494, 639 N.E.2d 1282 (1994). Because the question is one of law, our review is de novo. Gonnella Baking Co. v. Clara's Pasta Di Casa, Ltd., 337 Ill. App. 3d 385, 388, 786 N.E.2d 1058 (2003).

For purposes of this appeal, we accept as true all of the factual allegations in the plaintiff's complaint (Gonnella Baking Co, 337 Ill. App. 3d at 388), including, but not limited to, the allegations that the plaintiff is a police officer employed by the Cook County Sheriff, that defendant published the subject letter, that the assertions in the letter are false, that the defendant knew them to be false, and that he sent the letter for the purpose of revenge and retaliation because the plaintiff had arrested him. We also accept as true the fact that defendant sent the subject letter to the OIA. Additionally, we draw all reasonable inferences from those facts which are favorable to the plaintiff (Turner v.

3

1-05-1906

<u>Fletcher</u>, 302 Ill. App. 3d 1051, 1055, 706 N.E.2d 514 (1999)) and conclude that the letter is defamatory <u>per</u> <u>se</u> because, at a minimum, it prejudiced the plaintiff in his profession as a law enforcement officer (see <u>Owen v. Carr</u>, 113 Ill. 2d 273, 277, 497 N.E.2d 1145 (1986)).

However, even statements which are defamatory <u>per</u> <u>se</u> may not be actionable if they are protected by an absolute or qualified privilege. <u>Barakat v. Matz</u>, 271 Ill. App. 3d 662, 667, 648 N.E.2d 1033 (1995). The issues presented by this appeal are whether the letter which the defendant is alleged to have sent is privileged and, if it is, whether the privilege is absolute or qualified. Both issues present questions of law. <u>Barakat</u>, 271 Ill. App. 3d at 667; <u>Layne v. Builders Plumbing Supply Co.</u>, 210 Ill. App. 3d 966, 969, 569 N.E.2d 1104 (1991).

The defendant argues, as he did before the trial court, that his letter is protected by an absolute privilege. He contends that sending the letter to the OIA was "a permissible step" in a quasi-judicial proceeding and, as a consequence, absolutely privileged. The plaintiff contends that the defendant's letter was not published during the course of any legislative, judicial, or quasi-judicial proceeding and argues that, if the letter is privileged at all, it is protected by a qualified privilege only. He concludes, therefore, that the trial court erred in dismissing his defamation

4

1-05-1906

action as the issue of malice presents a question of fact for the jury to decide.

The class of occasions where defamatory statements are absolutely privileged is narrow and generally limited to legislative, judicial, and some quasi-judicial proceedings. Barakat, 271 Ill. App. 3d at 667; Allen v. Ali, 105 Ill. App. 3d 887, 890, 435 N.E.2d 167 (1982). An absolute privilege provides a complete immunity from civil action even though the statements were made with malice because public policy favors the free and unhindered flow of such information. Layne, 210 Ill. App. 3d at 969.

A qualified privilege has been found to exist in circumstances where the following elements are present: "(1) good faith by the defendant in making the statement; (2) an interest or duty to uphold; (3) a statement limited in its scope to that purpose; (4) a proper occasion; and (5) publication in a proper manner and to proper parties only." Kuwik v. Starmark Star Marketing and Administration, Inc., 156 Ill. 2d 16, 25, 619 N.E.2d 129 (1993). However, the scope of protection afforded by a qualified privilege can be exceeded and the privilege thereby defeated in circumstances where 1) false statements are made with malice or a reckless disregard for their truth, 2) the statements are not limited in scope, or 3) publication is not limited to proper parties. Kuwik,

5

156 Ill. 2d at 27; Barakat, 271 Ill. App. 3d at 669-70.

From the facts of record, it is clear that the defendant's letter was not generated as part of any judicial or legislative proceeding.  The question remaining is whether it was generated as part of a quasi-judicial proceeding.

Whether any given proceeding is quasi-judicial depends upon the nature of the proceeding and the powers and duties of the body conducting the proceeding.  Kalish v. Illinois Education Assn., 157 Ill. App. 3d 969, 971, 510 N.E.2d 1103 (1987).  Six powers have been identified which differentiate a quasi-judicial body from a body performing merely an administrative function:

"(1) [The power to exercise judgment and discretion; (2) the power to hear and determine or to ascertain facts and decide; (3) the power to make binding orders and judgments; (4) the power to affect the personal or property rights of private persons; (5) the power to examine witnesses, to compel the attendance of witnesses, and to hear the litigation of issues on a hearing; and (6) the  power to enforce decisions or impose penalties."

Starnes v. International Harvester Co., 141 Ill. App. 3d 652, 655, 490 N.E.2d 1062 (1986).

As the Starnes Court held, not all six powers are necessary to constitute a quasi-judicial body but the more such powers the body

6

has the more likely it is to attain that status.    Starnes, 141 Ill. App. 3d at 655.

The defendant asserts that the quasi-judicial body involved in this case is the Cook County Sheriff's Merit Board (Merit Board). He argues that filing a complaint with the OIA is absolutely privileged "because it is a permissible action in the course of a disciplinary process which can result in a hearing before the *** Merit Board."

We agree with the assertion that the Merit Board is a quasi-judicial body. In matters involving the discipline of a member of the Cook County Sheriff's Police, the Merit Board possesses the power to: conduct investigations (55 ILCS 5/3-7015 (West 2004)); hold hearings (55 ILCS 5/3-7015 (West 2004)); examine witnesses and secure by subpoena their attendance and testimony (55 ILCS 5/3-7012, 3-7015 (West 2004)); make findings of guilt (55 ILCS 5/3-7012 (West 2004)); order the removal, demotion, or suspension of a member of the Cook County Sheriff's Police (55 ILCS 5/3-7012 (West 2004)); and order the Sheriff of Cook County to enforce its disciplinary orders (55 ILCS 5/3-7012 (West 2004)).  In short, the Merit Board possesses the powers that differentiate a quasi-judicial body from one that merely performs an administrative function. We turn then to the question of whether the defendant's letter was a preliminary step in a quasi-judicial proceeding.

7

The absolute privilege which protects actions required or permitted in the course of a quasi-judicial proceeding also embraces actions "necessarily preliminary" to such a proceeding. Parrillo, Weiss & Moss v. Cashion, 181 Ill. App. 3d 920, 928, 537 N.E.2d 851 (1989). Although the Merit Board is authorized by statute to conduct investigations, it is the Sheriff of Cook County who must file written charges prior to the commencement of any hearing before the Merit Board at which the removal, demotion or suspension in excess of 30 days of a member of the Cook County Sheriff's Police is sought. 55 ILCS 5/3-7012 (West 2004). The OIA is not charged by statute with the duty to investigate infractions of the rules and regulations promulgated by the Merit Board, nor is it empowered to file charges with the Merit Board. Nothing in the record supports the conclusion that the OIA has any power other than to investigate complaints against a member of the Cook County Sheriff's Police and make recommendations to the sheriff who, in turn, must determine whether to suspend the member for a period not exceeding 30 days (see 55 ILCS 5/3-7011 (West 2004)) or to file written charges with the Board (55 ILCS 5/3-7011 (West 2004)).

The defendant relies on a number of cases in support of the proposition that his letter constitutes an action which was "necessarily preliminary" to a proceeding before the Merit Board. However, we find those cases readily distinguishable. The

8

1-05-1906

defendant's letter did not constitute a formal written charge filed with the Merit Board (see Thomas v. Petrulis, 125 Ill. App. 3d 415, 416, 465 N.E.2d 1059 (1984)), he did not send his letter to the OIA in response to any inquiry from the Merit Board (see Kalish, 157 Ill. App. 3d at 978-79), nor is the OIA an officially authorized agent of the Merit Board (see Allen v. Ali, 105 Ill. App. 3d 887, 890-91, 435 N.E.2d 167 (1982)).  Unlike the circumstances present in Hartlep v. Torres, 324 Ill. App. 3d 817, 818-20, 756 N.E.2d 371 (2001), the defendant's alleged defamatory statements were not made during the course of any hearing. See also Parker v. Kirkland, 298 Ill. App. 340, 348-52, 18 N.E.2d 709 (1939).

Although the OIA may well be the investigative arm of the sheriff in matters concerning the discipline of members of the sheriff's police department, nothing in the defendant's motion supports the proposition that the OIA itself possesses any of the powers of a quasi-judicial body (see Starnes, 141 Ill. App. 3d at 656-57), or that a complaint to the OIA is an action which is "necessarily preliminary" to a proceeding before the Merit Board. It is the sheriff who must file written charges against a member of the police department with the Merit Board, not the OIA.  See 55 ILCS 5/3-7012 (West 2004).

The defendant argues that the "public interest in protecting the free flow of information and airing complaints of police

9

misconduct" requires the protection of an absolute privilege. He contends that, because "a citizen has the right to complain about police officers *** without fear of a retaliatory defamation suit," a qualified privilege affords insufficient protection. We disagree.

An absolute privilege may be appropriate in circumstances where a complaint is made to the Merit Board or testimony is given during a hearing before that quasi-judicial body. However, we do not believe that the public interest which might be served by a report of police misconduct to the OIA which lacks the procedural safeguards that are statutorily mandated for proceedings before the Merit Board (see 55 ILCS 5/3-7012 (West 2004)) requires the application of an absolute privilege. If complaints to the OIA were cloaked with an absolute privilege, police officers would be subject to unsupported and malicious complaints with no recourse.

Application of a qualified privilege "is based on the policy of protecting honest communications of misinformation in certain favored circumstances in order to facilitate the availability of correct information." (Emphasis added.), Kuwik, 156 Ill. 2d at 24. We believe that a citizen's complaint to a police officer's supervisor or the division within a police department charged with investigating police misconduct is such a favored circumstance. See Flannery v. Allyn, 47 Ill. App. 2d 308, 198 N.E.2d 563 (1964);

10

<u>Doe v. Kutella</u>, 1995 WL 758131 (N.D.Ill., 1995). By affording such communications the protection of a qualified privilege, a balance is achieved between the public interest in encouraging citizens to report acts of police misconduct, and the right of a police officer to be protected from false and malicious complaints.

As noted earlier, the protection afforded by a qualified privilege may be lost when a false statement is made with malice. In this case, the plaintiff has alleged not only that the charges made in the defendant's letter to the OIA were false but that they were made for the purpose of revenge and retaliation because the plaintiff had arrested the defendant. As the plaintiff correctly asserts, the question of whether the defendant's statements were made with malice is one of fact for the jury to decide. <u>Barakat</u>, 271 Ill. App. 3d at 669.

Based on the foregoing analysis, we conclude that the circuit court erred in finding that the defendant's letter to the OIA is absolutely privileged and in dismissing the plaintiff's defamation claim. The letter is protected by a qualified privilege. However, the issue of whether the privilege is defeated based upon malice is a question of fact to be decided by a jury.

As a final matter, we note that the plaintiff has made no argument in his appellate brief addressing the dismissal of count II of his complaint which purports to set forth a claim for

1-05-1906

malicious prosecution. Any error in the dismissal of this count is therefore waived. Official Reports Advance Sheet No. 21 (October 17, 2001), R. 341(e)(7), eff. October 1, 2001.

For the reasons stated, we reverse the dismissal of the plaintiff's defamation claim, affirm the dismissal of his claim for malicious prosecution, and remand the cause to the circuit court for further proceedings.

Affirmed in part and reversed in part; cause remanded.

HOFFMAN, P.J., with KARNEZIS and ERICKSON, J.J. concurring.