SIXTH DIVISION
October 24, 2008

No. 1-07-1911

| | | |
|---|---|---|
| EDWARD T. ANDERSON, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellant, | ) | of Cook County |
| v. | ) | |
| | ) | |
| BONNIE BEACH, | ) | No. 05 L 6841 |
| | ) | |
| Defendant-Appellee | ) | |
| | ) | |
| (The City of Country Club Hills, | ) | Honorable |
| | ) | Ronald S. Davis, |
| Defendant). | ) | Judge Presiding. |

JUSTICE CAHILL delivered the opinion of the court:

Plaintiff Edward T. Anderson, a former police officer for the City of Country Club Hills (City), appeals the dismissal under section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2006)) of his fourth amended complaint, which alleged he was defamed by defendant Bonnie Beach, a former fellow officer. An earlier complaint included allegations against the City but these were omitted from the fourth amended complaint and are not at issue on appeal.

The core issue is whether Beach abused the conditional privilege available to peace officers when she published allegations of wrongdoing by Anderson to other police officers.

Because we find a question of fact embedded in the issue of whether Beach's allegations were cloaked with a conditional privilege, we reverse the dismissal of the complaint and remand for further proceedings.

Anderson alleged in his fourth amended complaint that Beach defamed him when she orally disclosed to at least five other officers accusations of wrongdoing by Anderson. These accusations had been included in a six-page letter to her superior officer, deputy police chief Teresa O'Donnell. Anderson also alleged that Beach sent copies of the letter to a lieutenant who was not her superior officer or in her chain of command and to numerous patrol officers and SWAT team members. Anderson claimed Beach falsely stated that he: (1) violated police procedure by failing to clear a residence after a burglar alarm; (2) failed to back up Beach in a disturbance involving a person chasing someone with a baseball bat; (3) created a hostile working environment for Beach because of her sex; and (4) assaulted and tried to strike Beach.

Anderson alleged that Beach knew her statements were false yet made them intentionally and recklessly. He alleged she wanted to harm him because he disagreed with her about the admissibility of digital evidence and because she was jealous that he was a better police officer. He claimed to have suffered grave damage to his reputation, loss of income, mental anguish and loss of employment because of her statements.

Anderson attached to his complaint Beach's letter to O'Donnell, dated December 20, 2004. In it, Beach recounted the following incidents between herself and Anderson: On June 27, 2003, a disturbance involving the baseball bat took place. On December 15, 2004, Anderson raised his hand in her direction. On December 20, 2004, the burglar alarm incident occurred.

This was the same date that Beach wrote the letter. Beach wrote she had heard Anderson had problems dealing with female personnel in the past. She claimed Anderson had made her work atmosphere uncomfortable and hostile. She reported that she overheard Anderson making disparaging comments about her to other officers and claimed that because of Anderson her fellow officers no longer talked to her as they once had. She overheard Anderson telling other officers she was lazy. Another officer told her that Anderson "did not think highly of [her] as an officer." She wrote, "I feel that I can no longer come to work and do my job appropriately due to the things he may say to other officers." She wrote, "I don't know if he will back me on a call or watch me get physically injured."

Beach moved to dismiss Anderson's complaint under section 2-619 of the Code (735 ILCS 5/2-619 (West 2006)), claiming her statements were protected by either absolute or conditional privilege. The trial court granted the motion. There is no transcript of the proceedings and the written order does not contain the trial court's reason for its decision.

We review *de novo* a trial court's dismissal of a complaint under section 2-619 of the Code (735 ILCS 5/2-619 (West 2006)). Solaia Technology, LLC v. Specialty Publishing Co., 221 Ill. 2d 558, 579, 852 N.E.2d 825 (2006). A motion to dismiss under section 2-619 concedes that the plaintiff's claim is legally sufficient but argues that defects or affirmative defenses defeat the claim. Solaia Technology, LLC, 221 Ill. 2d at 579.

Anderson argues on appeal that his complaint should not have been dismissed based on a defense of privilege because Beach's defamatory statements to officers other than O'Donnell were not protected. He argues absolute privilege does not apply because the officers Beach informed

of the allegations were not her superiors, nor was Beach acting in an official capacity within the scope of her duties when she communicated with them. He argues that conditional privilege—also known as qualified privilege—does not apply and even if it did, Beach abused the privilege by recklessly failing to investigate the truth of her statements.

Beach responds that she is protected by the absolute privilege available to law enforcement officers because she was exercising her duty to report Anderson's violations of the law and police department rules. Section VI(c) of the Country Club Hills police department rules and regulations provides that a department member who knows of another member violating laws or department rules must report the violations in writing "to the chief of police via channels." Country Club Hills Police Department Rules & Regulations §VI(c) (2004). Section VI(d) states that the failure to obey department rules and procedures on reporting a member's violations of laws, rules or orders "will be considered a serious violation of department regulations." City of Country Club Hills Police Department Rules & Regulations §VI(d) (2004).

Alternatively, Beach maintains that her communication with officers other than O'Donnell was protected by a conditional privilege because it was in the best interests of the other officers to know that Anderson had threatened her, failed to clear an alarm and failed to provide backup.

Privilege is an affirmative defense that may be raised in a motion for the involuntary dismissal of a defamation action. Hartlep v. Torres, 324 Ill. App. 3d 817, 819, 756 N.E.2d 371 (2001). We review all pleadings and supporting documents in the light most favorable to the nonmoving party. Paszkowski v. Metropolitan Water Reclamation District of Greater Chicago,

4

213 Ill. 2d 1, 5, 820 N.E.2d 401 (2004). A motion under section 2-619 (735 ILCS 5/2-619 (West 2006)) should be granted only if the plaintiff could prove no set of facts that would support the cause of action. Paszkowski, 213 Ill. 2d at 5.

To establish defamation, the plaintiff must show that the defendant: (1) made a false statement about the plaintiff; (2) made an unprivileged publication of that statement to a third party; and (3) damaged the plaintiff by publishing the statement. Solaia Technology, LLC, 221 Ill. 2d at 579. A statement is defamatory *per se* if the words impute that a person lacks integrity in performing his job. Solaia Technology, LLC, 221 Ill. 2d at 580. An allegedly defamatory remark is "published" when it is communicated to someone other than the plaintiff. Gibson v. Philip Morris, Inc., 292 Ill. App. 3d 267, 275, 685 N.E.2d 638 (1997). An internal communication within a company qualifies as a publication. Gibson, 292 Ill. App. 3d at 275.

Defamatory statements are not actionable if they are protected by an absolute or conditional privilege. Zych v. Tucker, 363 Ill. App. 3d 831, 834, 844 N.E.2d 1004 (2006). The question of whether a privilege is absolute or conditional is a matter of law to be decided by the court. Zych, 363 Ill. App. 3d at 834.

"A communication is absolutely privileged when its propagation is so much in the public interest that the publisher should speak fully and fearlessly." Weber v. Cueto, 209 Ill. App. 3d 936, 942, 568 N.E.2d 513 (1991). Absolute privilege cannot be defeated by showing the communication was improperly motivated or known to be false. Blair v. Walker, 64 Ill. 2d 1, 5-6, 349 N.E.2d 385 (1976). Absolutely privileged communications are rare. Weber, 209 Ill. App. 3d at 941. A communication is absolutely privileged if it was made "in the discharge of a duty

5

under express authority of law." Weber, 209 Ill. App. 3d at 942, citing Restatement (Second) of Torts §592A, at 257 (1977). This section of the Restatement provides "[o]ne who is required by law to publish defamatory matter is absolutely privileged to publish it." Restatement (Second) of Torts §592A, at 257 (1977). Accord Busch v. Bates, 323 Ill. App. 3d 823, 833-34, 753 N.E.2d 1184 (2001) (where a defendant police officer has the conflicting obligations of failing to report misconduct and facing disciplinary action, or reporting perceived misconduct and facing a defamation action, the officer is legally obligated to report and the statements are absolutely privileged).

Here, we believe Beach's letter to O'Donnell was absolutely privileged under the reasoning of Busch but the communication to the other officers was not. The department rules required Beach to report the misconduct of another officer in writing to the chief through channels. Anderson does not challenge Beach's communication with O'Donnell but instead argues that she defamed him in disclosing her allegations to the other officers.

Beach maintains that her disclosures to other officers were also protected by absolute privilege. She relies on Horwitz v. Board of Education of Avoca School District Number 37, 260 F.3d 602 (7th Cir. 2001), to argue that where the speaker in a defamation case was acting in an official capacity rather than a personal capacity, the statements are absolutely privileged. In Horwitz, the seventh circuit court considered a teacher's defamation claims against the principal, superintendent and school board president who had spoken to parents about the teacher's absences. Horwitz, 260 F.3d at 607, 617-18. The court held that the defendants were acting within the scope of their official duties when speaking to the parents and were shielded by absolute privilege. Horwitz, 260 F.3d at 618. The court relied on Blair v. Walker, 64 Ill. 2d 1, 9,

349 N.E.2d 385 (1976), in finding that government officials must be free to exercise their duties unencumbered by the threat of defamation lawsuits. Horwitz, 260 F.3d at 618.

Unlike the defendants in Horwitz and Blair, Beach was not acting within the scope of her official duties or authority when she revealed the letter and its contents to officers outside her chain of command. She does not claim that the Country Club Hills police department rules required her to report the misconduct of another officer to colleagues. Instead, Beach argues that her allegations should be absolutely privileged even in the absence of a department rule because "it is simply sound policy to immunize a public official's criticism of another public official, where the criticism is regarding or reasonably related to job duties." We find no support in Illinois law for such an argument. On the contrary, "[t]he class of occasions where defamatory statements are absolutely privileged is narrow and generally limited to legislative, judicial, and some quasi-judicial proceedings. [Citations.] An absolute privilege provides a complete immunity from civil action even though the statements were made with malice because public policy favors the free and unhindered flow of such information. [Citation.]" Zych, 363 Ill. App. 3d at 834.

In the alternative, Beach claims her statements were protected by conditional privilege. The guiding Illinois case on conditional privilege is Kuwik v. Starmark Star Marketing & Administration, Inc., 156 Ill. 2d 16, 619 N.E.2d 129 (1993). The plaintiff Lori Kuwik, a chiropractor, filed a libel action against the defendants, a patient's insurers. Kuwik, 156 Ill. 2d at 20. After reviewing the patient's claim, the insurers sent letters to the patient and to the Illinois Department of Insurance, stating that Kuwik's treatments exceeded the scope of her expertise and

7

license. Kuwik, 156 Ill. 2d at 19-20. Kuwik claimed the letters were false, defamatory and published to injure her. Kuwik, 156 Ill. 2d at 20.

In analyzing these issues, the supreme court adopted the three categories of conditionally privileged occasions as stated in The Law of Torts treatise: " '(1) situations in which some interest of the person who publishes the defamatory matter is involved[;] (2) situations in which some interest of the person to whom the matter is published or of some other third person is involved[; and] (3) situations in which a recognized interest of the public is concerned.' " Kuwik, 156 Ill. 2d at 29, quoting F. Harper, F. James & O. Gray, Torts §5.25, at 216 (2d ed. 1986). The court also adopted the provisions in the Restatement (Second) of Torts on conditionally privileged occasions. Kuwik, 156 Ill. 2d at 27. "[A] court looks only to the occasion itself for the communication and determines as a matter of law and general policy whether the occasion created some recognized duty or interest to make the communication so as to make it privileged." Kuwik, 156 Ill. 2d at 27, citing Restatement (Second) of Torts §§593 through 599, at 261-88 (1977).

The Restatement provides that conditionally privileged occasions exist only where the publisher of the defamatory information holds a "correct or reasonable belief " that the publication is warranted. Restatement (Second) of Torts §§593 through 599, at 261-88 (1977). Conditional privilege exists where: (a) the defamatory information affects an important interest of the publisher; and (b) the recipient will gain knowledge from the information that will help protect the publisher's interest. Restatement (Second) of Torts §594, at 263 (1977). It exists if the information "affects a sufficiently important interest of the recipient or a third person."

8

Restatement (Second) of Torts §595, at 268 (1977). Conditional privilege also exists if the publisher and recipients share common interests that entitle the recipients to knowledge of the information. Restatement (Second) of Torts §596, at 274-75 (1977). Conditional privilege exists if the information affects an important public interest and this interest requires the information to be communicated to a public officer capable of taking action if the information is true. Restatement (Second) of Torts §598, at 281 (1977).

Once the defendant in a defamation action has established that conditional privilege exists, the burden is on the plaintiff to prove that the privilege was abused. Kuwik, 156 Ill. 2d at 30. Generally, a defendant who abuses her conditional privilege by publishing defamatory material will be subject to liability. Restatement (Second) of Torts §599, at 286 (1977). A privileged communication loses protection if the publisher: (1) knew it was false or recklessly disregarded its falsity; (2) published it for an improper purpose; (3) published it to people not reasonably believed to be necessary recipients; or (4) did not reasonably believe that publication was necessary to accomplish its privileged purpose. Restatement (Second) of Torts §599, Comment *a*, at 286 (1977).

In adopting and applying the provisions of the Restatement in Kuwik, our supreme court found that "both letters [defaming the chiropractor] were sent on occasions where not only the interests of [the] defendants were involved, but where [the] plaintiff's and [her patient's] interests were involved as well." Kuwik, 156 Ill. 2d at 29-30. These were "occasions where a misstatement of information should be afforded some degree of protection in order to facilitate the free flow of correct information." Kuwik, 156 Ill. 2d at 30. The court held that the nature of these

occasions made the letters conditionally privileged as a matter of law. Kuwik, 156 Ill. 2d at 30.

We believe that Beach's communications with her fellow officers were conditionally privileged, based on an arguably reasonable belief that the publication was warranted. Her belief might not have been correct, but it was reasonable. Her letter shows that she had concerns about her reputation among her fellow officers, the safety and well-being of herself and other female officers working with Anderson and the well-being of fellow officers whom Anderson disliked or disrespected. It would not have been unreasonable for Beach to conclude that by informing her fellow officers of her problems with Anderson, she could enlist their assistance for herself and help them avoid similar problems with Anderson in the future.

Beach's allegation of gender bias, if true, could implicate the safety and job satisfaction of female officers. See Vickers v. Abbott Laboratories, 308 Ill. App. 3d 393, 402, 719 N.E.2d 1101 (there is a "compelling interest" in "ridding workplaces of sexual harassment" that protects conditionally privileged statements). Beach may have believed that she and her fellow officers shared a common interest in the efficiency of the police department and the safety of the public, leading to the reasonable conclusion that her fellow officers should know of her problematic encounters with Anderson. Beach's allegations that Anderson failed to clear a possible crime scene and failed to provide backup, if true, implicated the safety of Beach, the other officers and the citizens of Country Club Hills.

Finally, there is a significant public interest in having police officers who cooperate with each other. Beach had reason to believe that informing her fellow officers would enable them to adjust their conduct to minimize the effects of Anderson's ill-will toward Beach. See Turner v.

10

Fletcher, 302 Ill. App. 3d 1051, 1056, 706 N.E.2d 514 (1999) (sound public policy supports conditional privilege for statements on the fitness of police officers to ensure public safety and maintain a reliable police force). While Beach's decision that publishing her allegations to other officers was appropriate may not have been correct, it was sufficiently reasonable to create an occasion of conditional privilege.

As we have said, the existence of conditional privilege alone will not protect a defendant from liability for defamation if the privilege was abused. Restatement (Second) of Torts §599, at 286 (1977). Once a defendant establishes conditional privilege, the burden shifts to the plaintiff to show an abuse of the privilege. Gist v. Macon County Sheriff's Department, 284 Ill. App. 3d 367, 374, 671 N.E.2d 1154 (1996).

The plaintiff must prove that the defendant knowingly and intentionally published false information or recklessly disregarded its falseness. Kuwik, 156 Ill. 2d at 24. "[A]n abuse of [conditional] privilege may consist of any reckless act which shows a disregard for the defamed party's rights, including the failure to properly investigate the truth of the matter, limit the scope of the material, or send the material to only the proper parties." Kuwik, 156 Ill. 2d at 30. It is the province of the jury to make these factual inquiries. Kuwik, 156 Ill. 2d at 27. The question of whether a speaker abused her privilege can be determined as a matter of law only if the pleadings and attached exhibits present no genuine issue of material fact. Turner, 302 Ill. App. 3d at 1057. Accord Stavros v. Marrese, 323 Ill. App. 3d 1052, 1058, 753 N.E.2d 1013 (2001) ("the potential abuse of privilege raises a question of fact for a jury to resolve").

Here, the pleadings and attached exhibits leave open the possibility that the allegations in

11

Beach's letter are false. Anderson's complaint suggests reasons why Beach might have wanted to harm him, including their disagreement about evidence and his assertion that Beach was jealous of him. There is a question for a fact finder as to whether Beach abused the conditional privilege that we believe exists as a matter of law. "The question for the finder of fact becomes whether the defamatory statement was made solely for the purpose of causing harm to the person who was defamed." Lykowski v. Bergman, 299 Ill. App. 3d 157, 167, 700 N.E.2d 1064 (1998). Dismissal under section 2-619 (735 ILCS 5/2-619 (West 2006)) in these circumstances was not appropriate. Lykowski, 299 Ill. App. 3d at 167. The question of whether Beach abused her conditional privilege cannot be determined as a matter of law and must be decided by a finder of fact.

The judgment of the circuit court is reversed and remanded for further proceedings on the factual question of whether Beach's conditional privilege was abused.

Reversed and remanded.

J. GORDON and McBRIDE, JJ., concur.