THIRD DIVISION
April 20, 2011

No. 1-09-2578

JERROLD GOLDBERG,                          )        APPEAL FROM THE
    Plaintiff-Appellant,                    )        CIRCUIT COURT OF
                                           )        COOK COUNTY
        v.                                  )
                                           )        No. 08 L 11614
                                           )
ELEANOR BROOKS, KAREN BRADLEY, and         )        HONORABLE
EVANSTON/SKOKIE SCHOOL DISTRICT 65,        )        KATHY M. FLANAGAN,
    Defendants-Appellees.                   )        JUDGE PRESIDING.

        JUSTICE STEELE delivered the judgment of the court, with opinion.
        Presiding Justice Quinn and Justice Murphy concurred in the judgment and opinion.

**O P I N I O N**

        Plaintiff Jerrold Goldberg appeals orders of the circuit court of Cook County dismissing

his defamation complaint against defendants Eleanor Brooks, Karen Bradley and

Evanston/Skokie School District 65 (District 65), and denying him leave to file an amended

complaint alleging defamation and tortious interference with contract by the defendants.  For the

following reasons, we conclude that the circuit court did not err in ruling that the statements by

Brooks and Bradley were subject to an absolute privilege and that District 65 enjoyed statutory

immunity from Goldberg's claims in the complaint and the proposed amended complaint.

Accordingly, we affirm the circuit court.

BACKGROUND

        The record on appeal discloses the following facts.  On October 20, 2008, Goldberg filed

a complaint against the defendants sounding in defamation.  The complaint alleges that Goldberg

was previously employed by the Allenton Bus Company as a bus driver transporting children for District 65. Brooks was employed by District 65 as a teacher's assistant. As part of her duties, Brooks drove with Goldberg as he discharged his driver duties.

Count I of the complaint also alleges that on October 26, 2007, Brooks told Bradley, the principal of the Dawes school in District 65, that Goldberg drove her against her will to Wilmette/Kenilworth and Winnetka before starting the bus route. Bradley then communicated the statement to Goldberg's employer. Goldberg alleged that the statement was false and damaged his reputation as a dependable employee.

Count II alleged that Bradley, as part of her duties as principal of the Dawes school, oversaw and commented on people serving the school's children. On November 2, 2007, Bradley allegedly told Goldberg's employer that Goldberg had attempted or threatened to run over two children crossing slowly in front of his bus. Bradley also allegedly told Goldberg's employer that Goldberg did not seem to be a suitable person to work with children. Goldberg alleged that these statements were false and damaged his reputation as a dependable employee.

Count III of Goldberg's complaint sought to hold District 65 liable for the allegedly defamatory comments of Brooks and Bradley, based on the theory of *respondeat superior*.

On January 12, 2009, defendants filed a combined motion to dismiss, pursuant to section 2-619.1 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2008)). On March 3, 2009, defendants filed an amended motion to dismiss, limited to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2008)). Defendants argued: (1) Brooks' statement to

Bradley was protected by a common law privilege; (2) Brooks cannot be liable for Bradley's statement to Goldberg's employer, pursuant to section 2-204 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/2-204 (West 2006)); (3) Brooks' statement is also immunized by section 2-210 of the Tort Immunity Act (745 ILCS 10/2-210 (West 2006)); and (4) Brooks' statement is further immunized by section 15 of the Citizen Participation Act (735 ILCS 110/115 (West 2006)).  Defendants also argued that Bradley's statement was: (1) constitutionally protected opinion; (2) immunized by section 2-210 of the Tort Immunity Act; (3) immunized by section 15 of the Citizen Participation Act; and (4) made pursuant to a contractual right to request a driver reassignment.  Defendants further argued that District 65 is a local public entity immunized under sections 2-107 and 2-109 of the Tort Immunity Act.  745 ILCS 10/2-107, 2-109 (West 2006).

Defendants supported their motion to dismiss with affidavits from Brooks, Bradley, and Roger Allen, District 65's transportation manager.  Brooks, in addition to detailing the incident in which Goldberg drove outside Evanston, stated that riding on buses with students is an additional task teacher's assistants can perform for additional pay.  Brooks also stated that her responsibilities while on the bus include supervising students and reporting any problems or unusual incidents to Bradley.  Brooks further stated that Goldberg told her several days before the incident he served on a jury in a case involving a kidnapped dog, drove his bus to block the defendant's driveway, and called the police to have the dog returned.  Brooks stated she reported the conversation to Bradley.

1-09-2578

Bradley's affidavit states she received a telephone call from a parent claiming that Goldberg yelled at her son and another student for crossing in front of his bus too slowly. Bradley spoke to the students and then told Goldberg he should register any complaints with her, rather than shout at students. Bradley's affidavit also recounts the conversation she had with Brooks, adding that Brooks advised her that she no longer wanted to ride Goldberg's bus. Bradley further states she contacted Allen to inform him she did not want Goldberg driving her students any more. According to Bradley, Allen said he would request a reassignment and requested she document the matter in writing, which she did in a letter to Allen.

Allen's affidavit states that District 65 has the contractual right to request that Allenton remove any driver deemed unfit or unsuitable for the district's transportation services. Allen states after he received the letter from Bradley, he spoke to the district superintendent. After receiving approval, he contacted Allenton to request Goldberg be reassigned. Allen states that he was told Goldberg would be reassigned.

On April 6, 2009, the circuit court issued a memorandum opinion and order dismissing Goldberg's complaint. The circuit court ruled that the statements by Brooks and Bradley were privileged because they were made within the scope of their employment as public employees and in the performance of their official duties. The circuit court noted that the defendants' arguments regarding sections 2-210 and 2-104 of the Tort Immunity Act were "well-taken." The circuit court added that the Citizen Participation Act did not appear to apply to this case. Lastly, the circuit court ruled that District 65 was immune under both sections 2-107 and 2-109 of the Tort Immunity Act.

-4-

Goldberg filed a motion to vacate the dismissal and for leave to file an amended complaint. Counts I through III of the proposed amended complaint were substantially similar to the original defamation claims; counts IV through VI alleged tortious interference with contract. On August 28, 2009, the circuit court issued a memorandum opinion and order denying Goldberg's motion. On September 25, 2009, Goldberg filed a timely notice of appeal to this court.

DISCUSSION

On appeal, the issues are whether the trial court erred in dismissing Goldberg's complaint and denying him leave to file an amended complaint. We address each issue in turn.

I. The Motion to Dismiss

A motion to dismiss under section 2-619 of the Code "admits the legal sufficiency of the plaintiff's claim but asserts 'affirmative matter' outside of the pleading that defeats the claim." *Czarobski v. Lata*, 227 Ill. 2d 364, 369 (2008). The Tort Immunity Act and, in defamation cases, defenses based on privileges are affirmative matter that can be raised under section 2-619(a)(9) of the Code. See *Wright Development Group, LLC v. Walsh*, 238 Ill. 2d 620, 641-42 (2010) (Freeman, J., specially concurring) (and cases and authorities cited therein); *Hartlep v. Torres*, 324 Ill. App. 3d 817, 819 (2001). The purpose of a dismissal under section 2-619 of the Code "is to dispose of issues of law and easily proved issues of fact early in the litigation." *Czarobski*, 227 Ill. 2d at 369. When reviewing a motion to dismiss under section 2-619 of the Code, this court " 'must consider whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of

law.' " *Czarobski*, 227 Ill. 2d at 369 (quoting *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17 (1993)).

Goldberg's complaint sounded in defamation. To establish defamation, the plaintiff must show the defendant: (1) made a false statement about the plaintiff; (2) made an unprivileged publication of that statement to a third party; and (3) damaged the plaintiff by publishing the statement. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006). A statement is defamatory *per se* if the words impute that a person lacks integrity in performing his job. *Solaia Technology, LLC*, 221 Ill. 2d at 580. An allegedly defamatory remark is "published" when it is communicated to someone other than the plaintiff, including internal communication within a company. *Gibson v. Philip Morris, Inc.*, 292 Ill. App. 3d 267, 275 (1997).

### A. The Tort Immunity Act

On appeal, Goldberg primarily argues the Tort Immunity Act does not shield the defendants in this case. In interpreting a provision of the Tort Immunity Act, as with any statute, our primary goal is to ascertain and give effect to the intention of the legislature. *Ries v. City of Chicago*, No. 109541, slip op. at 8 (Ill. Feb. 25, 2011). The best evidence of legislative intent is the language used in the statute itself, which must be given its plain and ordinary meaning. Where the language of the statute is clear, we may not read into it exceptions that the legislature did not express and we will give it effect as written. *Elementary School District 159 v. Schiller*, 221 Ill. 2d 130, 144 (2006).

The circuit court dismissed the claim against District 65 pursuant to section 2-107 of the Tort Immunity Act, which provides:

1-09-2578

"A local public entity is not liable for injury caused by any action of its employees that is libelous or slanderous or for the provision of information either orally, in writing, by computer or any other electronic transmission, or in a book or other form of library material." 745 ILCS 10/2-107 (West 2006).

The plain language of section 2-107 of the Tort Immunity Act unambiguously immunizes District 65 from liability in this case. See *Horwitz v. Board of Education of Avoca School District No. 37*, 260 F.3d 602, 617 (7th Cir. 2001). Indeed, we note that Goldberg's brief contains no discussion of section 2-107 of the Tort Immunity Act. Thus, we conclude the circuit court did not err in dismissing the claim against District 65.

Defendants also argue that Brooks and Bradley are immunized by section 2-210 of the Tort Immunity Act, which provides:

"A public employee acting in the scope of his employment is not liable for an injury caused by his negligent misrepresentation or the provision of information either orally, in writing, by computer or any other electronic transmission, or in a book or other form of library material." 745 ILCS 10/2-210 (West 2006).

Defendants argue that the statements by Brooks and Bradley are the "provision of information," which defendants claim is broader than the immunization of "negligent misrepresentation." Goldberg maintains the word "negligent" must be read to apply to both misrepresentations and the provision of information by any means.

The word "or" is disjunctive. *Schiller*, 221 Ill. 2d at 145. Disjunctive connotes two different alternatives. *Id.* Thus, "[a]s used in its ordinary sense, the word 'or' marks an

-7-

1-09-2578

alternative indicating the various parts of the sentence which it connects are to be taken separately." *Id.* Moreover, we note that the phrase, "or the provision of information either orally, in writing, in a book or other form of library material" was the result of an amendment to the original version of section 2-210 of the Tort Immunity Act (Pub. Act 84-1431 (eff. Nov. 25, 1986)), as was the language regarding computer and electronic transmissions (Pub. Act. 89-100 (eff. July 7, 1995)). Thus, grammar, the rules of statutory construction, and legislative history all point to the conclusion that the provision of information is a separate category from negligent misrepresentation, providing a broad protection to public employees acting within the scope of their employment.

In this case, Brooks' affidavit states that the bus duty is not part of the assigned duties of a teacher's assistant. However, she was paid additional money for the bus duty. Brooks also states it was her responsibility to supervise the students and to report any problems or unusual incidents to the principal. Similarly, Bradley merely passed the complaints from Brooks and a parent up the internal chain to Allen. Goldberg submitted no counteraffidavit or evidence creating a genuine issue of material fact on this issue. While affirmative matter must be more than evidence offered to refute a well-pleaded fact, if facts within an affidavit dispute the allegations of the complaint and are not contradicted by a counteraffidavit, the court must accept the facts in the affidavit as true. *Harris v. News-Sun*, 269 Ill. App. 3d 648, 651 (1995). Accordingly, we conclude that Brooks and Bradley were immunized for providing information within the scope of their public employment.

B. Absolute Common Law Privilege

-8-

1-09-2578

However, we also note that in this case, the circuit court ruled that the statements made by Brooks and Bradley were privileged. Defamatory statements are not actionable if they are protected by an absolute or conditional privilege. *Zych v. Tucker*, 363 Ill. App. 3d 831, 834 (2006). The question of whether a privilege is absolute or conditional is a matter of law to be decided by the court. *Zych*, 363 Ill. App. 3d at 834.

This court's decision in *Anderson v. Beach*, 386 Ill. App. 3d 246 (2008), is instructive. In that case, which involved two former police officers, Anderson alleged that Beach defamed him when she orally disclosed to at least five other officers accusations of wrongdoing by Anderson, originally published in a six-page letter to her superior officer. *Anderson*, 386 Ill. App. 3d at 247. This court ruled that Beach's letter to her superior officer was absolutely privileged, but the communication to the other officers was not. *Anderson*, 386 Ill. App. 3d at 249-50. Rather, Beach's communications with her fellow officers were conditionally privileged, based on an arguably reasonable belief that the publication was warranted. *Anderson*, 386 Ill. App. 3d at 252. The *Anderson* court relied on *Busch v. Bates*, 323 Ill. App. 3d 823 (2001), which reasoned that such complaints are absolutely privileged where the complainant is under a duty to report misconduct. *Busch*, 323 Ill. App. 3d at 833-34. Such a duty may arise by law, or, as in *Anderson* and *Busch*, arise from agency rules or regulations. See also *Weber v. Cueto*, 209 Ill. App. 3d 936, 946 (1991) (attorney ethically required to report misconduct by State's Attorney); *Horwitz*, 260 F.3d at 618 (government officials must be free to exercise their duties unencumbered by the threat of defamation lawsuits).

As noted earlier, in this case, Brooks and Bradley acted within the scope of their public employment. Given the circumstances of this case, where Brooks was under a duty to report misconduct and Bradley was exercising her duties as principal, we conclude the trial court did not err in ruling their statements were absolutely privileged. Accordingly, we conclude the circuit court did not err in dismissing Goldberg's complaint on either ground.

## II. The Denial of Leave to File an Amended Complaint

The remaining question is whether the circuit court erred in denying Goldberg leave to file an amended complaint. Goldberg relies on the general rule that amendments should be granted liberally. Notwithstanding the liberal rule, a party's right to amend is not absolute and unlimited. *Lee v. Chicago Transit Authority*, 152 Ill. 2d 432, 467-68 (1992). The decision whether to grant leave to amend a pleading rests within the sound discretion of the trial court. *Id.* Absent an abuse of that discretion, its decision will not be disturbed on review. *Id.* Among the factors to be considered in determining whether to permit an amendment to the pleadings are: (1) whether the amendment cures a defect in the pleadings; (2) whether the other party is prejudiced or surprised by the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether there were previous opportunities to amend the pleadings. *Id.*

In this case, Goldberg's complaint did not suffer from pleading defects. Rather, pursuant to section 2-619 of the Code, plaintiff's complaint was considered sufficient and was dismissed because it was defeated by some other affirmative matter outside of the complaint. See 735 ILCS 5/2-619(a)(9) (West 2008). The primary difference in the proposed amended complaint was the addition of claims of tortious interference with contract. However, the protection provided by

the plain language of section 2-210 of the Tort Immunity Act is not limited to defamation claims. Moreover, the absolute privilege of government employees acting within the scope of their duties has been applied to virtually every common law tort including, but not limited to, malicious prosecution, tortious interference with business, false arrest, blackmail, fraud, and intimidation. *Morton v. Hartigan*, 145 Ill. App. 3d 417, 426-27 (1986). If Brooks and Bradley are not liable, District 65 cannot be liable. 745 ILCS 10/2-109 (West 2006). Furthermore, as defendants note, District 65's contractual rights support finding a privilege to complain about Goldberg's job performance. Accordingly, we conclude the circuit court did not abuse its discretion in denying leave to amend. *Langone v. Schad, Diamond & Shedden, P.C.*, No. 1-09-2079, slip op. at 20-22 (Ill. App. Jan. 18, 2011).

CONCLUSION

In sum, the circuit court did not err in dismissing Goldberg's complaint. The circuit court did not err in dismissing the claims against the defendants under the Tort Immunity Act. Similarly, the circuit court did not err in ruling that Brooks and Bradley had an absolute privilege to complain about Goldberg's job performance. Lastly, the circuit court did not abuse its discretion in denying Goldberg leave to amend, as the tortious interference with contract claims are subject to the same claims of immunity and privilege defeating the defamation claims.

For all of the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.