# Illinois Official Reports

## Appellate Court

<div style="border">

### *Belluomini v. Zaryczny*, 2014 IL App (1st) 122664

</div>

| | |
|---|---|
| Appellate Court Caption | ANNE BELLUOMINI, MIKE BUBALO, GREG CONNELLY, KEVIN DOYLE, JOSEPH GIORANGO, MICHAEL GROTH, DENNIS MUSHOL, and MICHAEL NASH, Plaintiffs-Appellants, v. CATHERINE ZARYCZNY, Defendant-Appellee. |
| District & No. | First District, First Division Docket No. 1-12-2664 |
| Filed | February 18, 2014 |
| Held (*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a defamation action arising from a letter defendant wrote to the superintendent of the Chicago police department claiming that defendant had evidence that plaintiff police officers were involved in an improper "rent a cop scheme" that warranted an investigation, the trial court properly granted defendant's motion to reconsider the court's dismissal of plaintiffs' complaint and entered an order dismissing the complaint on the ground that defendant's letter was absolutely privileged, since the statements at issue were made to a law enforcement official for the purpose of having criminal proceedings instituted against the officers. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-M1-015668; the Hon. Joyce Marie Murphy Gorman, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Law Offices of Dahms & Starr, of Chicago (Sean C. Starr and Ronald C. Dahms III, of counsel), for appellants.

Vrdolyak Law Group LLC, of Tinley Park (Thomas Murphy, of counsel), for appellee.

Panel

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.
Presiding Justice Connors and Justice Hoffman concurred in the judgment and opinion.

**OPINION**

¶ 1    This appeal arises from an August 3, 2012 order entered by the circuit court of Cook County which granted defendant-appellee Catherine Zaryczny's (Zaryczny) motion to reconsider and dismissed with prejudice the third amended complaint filed by plaintiffs-appellants Anne Belluomini, Mike Bubalo, Greg Connelly, Kevin Doyle, Joseph Giorango, Michael Groth, Dennis Mushol, and Michael Nash (collectively, the plaintiffs). On appeal, the plaintiffs argue that: (1) the trial court erred in dismissing their third amended complaint because Zaryczny's defamatory allegations were not absolutely privileged; and (2) the trial court erred in granting Zaryczny's motion to reconsider because she did not meet the burden for reconsideration. For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 2                                    BACKGROUND

¶ 3    On April 14, 2008, Zaryczny sent a letter to Jody Weis, superintendent of the Chicago police department (the Weis letter). In the Weis letter, Zaryczny stated that she possessed evidence of Chicago police officers participating in a "rent a cop scheme" on an election day in Chicago. Also, the Weis letter contained an unsent letter addressed to Patrick Fitzgerald, the United States Attorney for the Northern District of Illinois (the Fitzgerald letter). In the Weis letter, Zaryczny explained that the Fitzgerald letter would not be sent without giving the Chicago police department (CPD) an opportunity to investigate the matter. Further, the Weis letter stated that the evidence warranted a referral to the appropriate investigative and/or prosecutorial agencies, both federal and state. In the Fitzgerald letter, Zaryczny alleged that on an aldermanic election day in Chicago, an unnamed candidate hired Chicago police officers to work at the direction of his campaign. Zaryczny claimed that in the course of their duties, the police officers committed felonies under Illinois law and were involved in a conspiracy in violation of federal civil rights and voting rights acts. Specifically, Zaryczny alleged that the police officers were paid at the campaign headquarters of an alderman and were given "poll

watcher" credentials. She also claimed that the officers were given assignments as "roving poll watchers" and moved precinct to precinct in an intimidating manner. She stated that Chicago police officers were seen to have "badges and bulges" by individuals who were lawfully participating in the election. Zaryczny claimed that those actions were improper because police officers are expressly prohibited from participating in any election day activities where the presence of badges, guns or batons is evident in any district where he or she is assigned.

¶ 4    Further, in the Fitzgerald letter, Zaryczny alleged that she possessed evidence of a conspiracy in that none of the police officers or the amounts they were paid appear in any Illinois campaign committee disclosure reports for the time period around the election. Also, Zaryczny claimed that there was evidence of a conspiracy in that there were two campaign committees for the unnamed candidate that had not been reported to the State Board of Elections. Zaryczny asserted that the transgressions of the unnamed candidate and the police officers created a "police state" on the election day in question. She requested that the United States Attorney pursue the prosecution of the police officers.

¶ 5    On April 29, 2008, Zaryczny signed a "Sworn Affidavit for Complaint Register" at CPD. According to CPD forms which memorialized Zaryczny's allegations, Zaryczny reported to CPD that the police officers openly wore their badges and weapons in an intimidating manner while off duty and working as poll watchers during the 32nd Ward aldermanic election on April 17, 2007. Also, Zaryczny alleged that Connelly, Doyle, Giorango, Groth, Nash, and Mushol listed addresses other than their residential addresses on their poll watcher applications and that Mushol unnecessarily unholstered his weapon during an altercation.

¶ 6    On July 9, 2010, the plaintiffs filed a complaint in the circuit court of Cook County alleging slander *per se* against Zaryczny asserting that she filed false and defamatory complaints against them with CPD. The plaintiffs alleged that Zaryczny's allegations imputed the commission of a criminal offense, imputed a want of integrity in the discharge of their duties of employment, and prejudiced the plaintiffs in their profession. The plaintiffs' complaint did not contain the written exhibits upon which they relied in filing their complaint. On July 13, 2010, the trial court granted the plaintiffs leave to file an amended complaint. On July 27, 2011, the plaintiffs filed a first amended complaint which largely repeated the allegations from the original complaint. The first amended complaint contained CPD's records of Zaryczny's allegations against Bubalo and Mushol, but no written documentation as to the other plaintiffs was attached. On August 30, 2011, Zaryczny filed a motion to dismiss the first amended complaint as to the six plaintiffs that failed to provide written documentation of her allegations. On September 23, 2011, the plaintiffs filed a motion for leave to file a second amended complaint *instanter*. On September 28, 2011, Zaryczny's motion to dismiss the first amended complaint was granted and the plaintiffs were granted leave to file a second amended complaint. On that same day, the plaintiffs filed a second amended complaint. The second amended complaint largely repeated the allegations of the previous complaints and contained CPD's records of Zaryczny's allegations against all the plaintiffs. On October 19, 2011, the plaintiffs filed a third amended complaint. The third amended complaint largely repeated the allegations of the previous complaints and contained CPD's records of Zaryczny's allegations against all the plaintiffs.

¶ 7    On November 18, 2011, Zaryczny filed a motion to dismiss the plaintiffs' third amended complaint pursuant to section 2-619 of the Illinois Code of Civil Procedure (Code) (735 ILCS

5/2-619 (West 2010)). In her motion to dismiss, Zaryczny argued that her allegations against the plaintiffs were protected by absolute privilege because they were made to law enforcement officials for the purpose of instituting legal proceedings. Thus, Zaryczny argued that the plaintiffs' complaint of her allegedly defamatory statements was not actionable. On December 29, 2011, the plaintiffs filed a response to Zaryczny's motion to dismiss. The plaintiffs argued that Zaryczny's allegations were not absolutely privileged because they were made to the internal affairs division (IAD) of CPD; and IAD is an administrative body that only has the power to conduct administrative, noncriminal investigations. On January 19, 2012, Zaryczny filed a reply to the plaintiffs' response to the motion to dismiss, which contained numerous exhibits. On January 24, 2012, the plaintiffs filed a motion to strike Zaryczny's evidentiary exhibits attached to her reply filed on January 19, 2012. On January 26, 2012, the trial court entered an order which granted the plaintiffs leave to file a surreply and granted Zaryczny leave to file a response to the surreply. Further, the trial court entered Zaryczny's subpoenas to Tina Skahill, commander of IAD (Commander Skahill), and Assistant State's Attorney Lynn McCarthy (ASA McCarthy). The trial court did not rule on the plaintiffs' motion to strike.

¶ 8    On February 16, 2012, the plaintiffs filed their surreply to Zaryczny's motion to dismiss. The plaintiffs' surreply argued that: Zaryczny's allegations were protected by no privilege whatsoever; even if her allegations were privileged, they were only protected by a qualified privilege; and if her allegations are protected by a qualified privilege, the trial court should deny the motion to dismiss because whether Zaryczny waived her privilege is a question of fact for the jury to decide. Zaryczny did not file a timely response to the plaintiffs' surreply and the trial court denied her motion to extend time to file a response. On May 1, 2012, the trial court denied Zaryczny's motion to dismiss on the basis of absolute privilege. The trial court ordered that the complaint be answered within 21 days with the affirmative defense of qualified privilege.

¶ 9    On May 14, 2012, ASA McCarthy executed an affidavit. ASA McCarthy stated that her duties include prosecuting felony criminal cases involving law enforcement personnel and reviewing complaints brought to the Cook County State's Attorney's office for violations of the Illinois Election Code and Illinois Criminal Code. She stated that in April 2008, her office received documents, correspondence and information from Zaryczny regarding an aldermanic election. ASA McCarthy stated that all the information from Zaryczny was kept in a file, which was misplaced and has not been found.

¶ 10   On May 30, 2012, Zaryczny filed a motion to reconsider the trial court's May 1, 2012 judgment. In her motion to reconsider, Zaryczny argued that the trial court erred in limiting the scope of her subpoenas for witnesses and documents, and that the trial court erred in applying Illinois law when it denied her motion to dismiss as to absolute privilege. On June 22, 2012, the plaintiffs filed a response to Zaryczny's motion to reconsider. The plaintiffs argued that Zaryczny did not meet the burden for reconsideration because she had shown no newly discovered evidence and the trial court correctly applied Illinois law. On June 29, 2012, Zaryczny filed a reply to the plaintiffs' response. On July 27, 2012, the trial court held a hearing on the motion to reconsider. On August 3, 2012, the trial court granted Zaryczny's motion to reconsider and dismissed the plaintiffs' third amended complaint with prejudice. Specifically, the court found that Zaryczny's allegations against the plaintiffs were absolutely privileged because they were made to law enforcement officials for the purpose of instituting

- 4 -

criminal proceedings. On August 31, 2012, the plaintiffs timely filed a notice of appeal. Therefore, this court has jurisdiction to consider the plaintiffs' arguments on appeal pursuant to Illinois Supreme Court Rule 303 (eff. May 30, 2008).

¶ 11                                    ANALYSIS

¶ 12        We determine the following issues on appeal: (1) whether the trial court erred in dismissing the plaintiffs' third amended complaint on the grounds that Zaryczny's allegedly defamatory allegations were not absolutely privileged; and (2) whether the trial court erred in granting Zaryczny's motion to reconsider since it is the plaintiffs' contention that she did not meet the burden for reconsideration.

¶ 13        We first determine whether the trial court erred in dismissing the plaintiffs' third amended complaint on the grounds that Zaryczny's allegedly defamatory allegations were not absolutely privileged.

¶ 14        The plaintiffs argue that the trial court erred in dismissing their third amended complaint because Zaryczny's allegations against the plaintiffs were not absolutely privileged. Specifically, the plaintiffs argue that Illinois law recognizes a difference between making statements to institute administrative proceedings and making statements to institute criminal proceedings. Defamatory statements made to institute administrative proceedings are not protected by absolute privilege. The plaintiffs contend that Zaryczny's defamatory allegations were made to IAD, which is an administrative body and not a judicial or quasi-judicial body. They assert that IAD only has the power to investigate complaints against members of the police department and then make recommendations to the superintendent; the superintendent makes the final decision on the outcome of a complaint. As such, the plaintiffs argue that Zaryczny's allegations constitute an attempt to institute administrative proceedings against the plaintiffs. They assert that because of the degree of immunity provided by absolute privilege, it is a principle that should be narrowly applied.

¶ 15        Additionally, the plaintiffs argue that Zaryczny's communication with ASA McCarthy does not qualify her allegations to IAD as absolutely privileged. The plaintiffs point out that Zaryczny has argued that her communication with ASA McCarthy demonstrated her intent to institute criminal proceedings against the plaintiffs. However, the plaintiffs argue that there is nothing in the record that unequivocally establishes that Zaryczny communicated with ASA McCarthy specifically regarding the plaintiffs. The plaintiffs assert that, at most, ASA McCarthy's affidavit establishes that Zaryczny communicated with her about an aldermanic election and that the file was misplaced. There is nothing in ASA McCarthy's affidavit that mentions the plaintiffs by name. Moreover, the plaintiffs argue that even if Zaryczny attempted to institute criminal proceedings against the plaintiffs through her communication with ASA McCarthy, that communication does not qualify her allegations to IAD as absolutely privileged. The plaintiffs explain that their complaints only took issue with Zaryczny's allegations to IAD regarding the plaintiffs' behavior on election day.

¶ 16        Finally, the plaintiffs argue that Zaryczny's allegations were not absolutely privileged because Illinois law recognizes a distinction between allegations made against citizens and allegations made against law enforcement personnel. The plaintiffs contend that when a citizen's allegations are made to police supervisors about a police officer's conduct, and the allegations look to administrative remedies and possible criminal action, the citizen's

- 5 -

allegations are only protected by a qualified privilege. The plaintiffs argue that in this case, Zaryczny made her complaints to the supervising and investigative personnel of CPD, and her allegations resulted in an administrative, noncriminal investigation that harmed the plaintiffs' reputations. Thus, the plaintiffs argue that Zaryczny's allegations should only have been afforded a qualified privilege. Accordingly, the plaintiffs argue that the trial court erred in granting Zaryczny's motion to reconsider and dismissing their third amended complaint with prejudice.

¶ 17    In response, Zaryczny argues that the trial court did not err in granting her motion to reconsider and dismissing the plaintiffs' third amended complaint with prejudice. Specifically, Zaryczny argues that her allegations are protected by absolute privilege because it is clear that the allegations were made for the purpose of instituting criminal proceedings. She contends that although the plaintiffs argue that IAD is an administrative body that can only conduct administrative investigations, the plaintiffs offered no proof whatsoever that IAD's powers are limited to administrative procedures. Zaryczny asserts that she instituted criminal proceedings by bringing her allegations of criminal conduct to the attention of Superintendent Weis, who was then chief law enforcement officer of the city of Chicago. Zaryczny claims that Superintendent Weis and IAD are not the plaintiffs' employer; rather, the plaintiffs are employed by the city of Chicago. Thus, she contends that her allegations against the plaintiffs were not made to their supervisors in order to institute administrative remedies. Zaryczny argues that Superintendent Weis assigned the matter to IAD for investigation, and she had no reason to question the way the matter was investigated. She simply followed the directive of Superintendent Weis and cooperated in the investigation.

¶ 18    Additionally, Zaryczny points out that the Weis letter requested investigations by CPD and the State's Attorney, and she indicated that she was willing to cooperate with other prosecutorial agencies, such as the United States Attorney and the Attorney General of Illinois. She also provided information to ASA McCarthy about the aldermanic election. Zaryczny argues that those facts show that she continuously sought criminal proceedings as opposed to administrative proceedings. She contends that the plaintiffs have presented nothing that contradicts her evidence of instituting criminal proceedings.

¶ 19    Further, Zaryczny argues that the plaintiffs improperly attempt to create a new standard which refuses to apply absolute privilege to a citizen's complaints against a law enforcement official that are made to the employer of the law enforcement official. Zaryczny asserts that the plaintiffs' argument relies on the false premises that she made allegations to IAD only for an internal CPD employer/employee purpose, and that there was no communication to law enforcement personnel for the purpose of instituting criminal proceedings. Also, she contends that police officers should not be treated as a special class that requires different rules regarding absolute privilege. Zaryczny argues that the fact that the plaintiffs were police officers in this case is a distinction without a difference regarding the application of absolute privilege. Therefore, she argues that the trial court did not err in granting her motion to reconsider and dismissing the plaintiffs' third amended complaint with prejudice.

¶ 20    The purpose of a motion to reconsider is to alert the court of newly discovered evidence that was unavailable at the time of the hearing, changes in the law, or errors in the court's application of the law. *Duresa v. Commonwealth Edison Co.*, 348 Ill. App. 3d 90, 97 (2004). Generally, a trial court's ruling on a motion to reconsider is reviewed under the abuse of

discretion standard. *Id.* However, where a motion to reconsider only asks the trial court to reevaluate its application of the law to the case as it existed at the time of judgment, the standard of review is *de novo*. *Id.* Although Zaryczny's motion to reconsider argued on the bases of newly discovered evidence and misapplication of the law, the trial court granted the motion solely on the application of Illinois law to the case. Further, the trial court's ruling on a motion to dismiss pursuant to section 2-619 of the Code is reviewed *de novo*. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1993). Therefore, we review the trial court's ruling under the *de novo* standard of review.

¶ 21    Plainly stated, the issue in this case is whether the trial court was correct when it found that Zaryczny's allegations against the plaintiffs were protected by absolute privilege. Absolute privilege provides complete immunity from civil action, even when the statements at issue are made with malice. *Bushell v. Caterpillar, Inc.*, 291 Ill. App. 3d 559, 561 (1997). The defense of absolute privilege is based on the notion that conduct which would otherwise be actionable is shielded from liability because the defendant is acting in furtherance of an interest of social importance, which is entitled to protection even at the expense of uncompensated harm to a plaintiff's reputation. *Id.* Because it provides complete immunity, the defense of absolute privilege is necessarily narrow and generally limited to situations which involve legislative, judicial, and quasi-judicial proceedings. *Barakat v. Matz*, 271 Ill. App. 3d 662, 667 (1995).

¶ 22    "Whether any given proceeding is quasi-judicial depends upon the nature of the proceeding and the powers and duties of the body conducting the proceeding." *Zych v. Tucker*, 363 Ill. App. 3d 831, 835 (2006). This court has identified six powers which differentiate a quasi-judicial body from a body performing only an administrative function:

    " '(1) [T]he power to exercise judgment and discretion; (2) the power to hear and determine or to ascertain facts and decide; (3) the power to make binding orders and judgments; (4) the power to affect the personal or property rights of private persons; (5) the power to examine witnesses, to compel the attendance of witnesses, and to hear the litigation of issues on a hearing; and (6) the power to enforce decisions or impose penalties.' [Citation.]" (Internal quotation marks omitted.) *Zych*, 363 Ill. App. 3d at 835.

It is not necessary for a body to possess all six powers in order to be considered a quasi-judicial body. *Zych*, 363 Ill. App. 3d at 835. However, the more powers the body possesses, the more likely it is to attain quasi-judicial status. *Id.* The defense of absolute privilege protects actions which are required or permitted by law in the course of quasi-judicial proceedings, as well as actions " 'necessarily preliminary' " to such a proceeding. *Id.* at 836. Furthermore, it is well settled in Illinois that statements made to law enforcement officials for the purpose of instituting criminal proceedings are absolutely privileged. See *Morris v. Harvey Cycle & Camper, Inc.*, 392 Ill. App. 3d 399, 406 (2009); *Vincent v. Williams*, 279 Ill. App. 3d 1, 7 (1996); *Layne v. Builders Plumbing Supply Co.*, 210 Ill. App. 3d 966, 971-72 (1991).

¶ 23    As the parties indicate, Illinois courts have not addressed the application of absolute privilege to a situation analogous to the instant case. In *Zych*, this court addressed the application of absolute privilege when the defendant sent a letter to the office of internal affairs of the Cook County sheriff's police department (OIA), which contained allegations against the plaintiff who was a Cook County sheriff's police officer. *Zych*, 363 Ill. App. 3d at 833. The plaintiff filed a complaint against the defendant for defamation and malicious prosecution, and

- 7 -

the circuit court dismissed the plaintiff's complaint after finding that the defendant's statements were protected by absolute privilege. *Id.*

¶ 24     On appeal, this court reversed the judgment of the trial court. *Id.* at 838. This court found that the Cook County Sheriff's Merit Board (Merit Board) was a quasi-judicial body, but that OIA was not a quasi-judicial body. *Id.* at 835-37. This court highlighted that the defendant sent his letter to OIA, and not to the Merit Board. *Id.* at 836-37. This court determined that although OIA had the power to investigate matters concerning the discipline of members of the sheriff's police department, OIA was not a quasi-judicial body because it did not possess any of the powers of a quasi-judicial body. *Id.* at 836. Further, this court found that the defendant's letter was not a step which was " 'necessarily preliminary' " to quasi-judicial proceedings for the following reasons: the letter did not constitute a formal written charge filed with the Merit Board; the defendant did not send his letter to OIA in response to any inquiry from the Merit Board; OIA is not an officially authorized agent of the Merit Board; and the allegedly defamatory statements were not made during the course of any hearing. *Id.* This court stated that absolute privilege may be appropriate in situations where a complaint is made to the Merit Board or testimony is given during a hearing. *Id.* at 837. However, this court found that a report of police misconduct to OIA lacked the procedural safeguards that are statutorily mandated for proceedings before the Merit Board. *Id.* Thus, this court held that the defendant's allegations were not absolutely privileged. *Id.* at 837-38.

¶ 25     We find that *Zych* is distinguishable from the instant case. In this case, Zaryczny presented allegations of criminal conduct to the superintendent of CPD. According to the Chicago Municipal Code, the superintendent of police is the chief executive officer of the police department and has the authority to administer the department in a manner consistent with the ordinances of the city, laws of the state, and rules and regulations of the police board. Chicago Municipal Code § 2-84-040 (amended June 5, 1987). The superintendent also has the power to conduct the following tasks, among other powers: administer affairs and organize the police department; make appointments, transfers, and promotions; take disciplinary action against employees of the department; appoint, discharge, or suspend employees of the department; and issue instructions to employees of the department in the line of their duties. Chicago Municipal Code § 2-84-050. Thus, the police department, when it is carrying out the direction of the superintendent in the manner described, is clearly a quasi-judicial body. Also, we note that in her letter to Superintendent Weis, Zaryczny alleged criminal conduct by the plaintiffs and requested relief from numerous prosecutorial agencies. Accordingly, it can clearly be inferred that she made her allegations to Superintendent Weis for the purpose of instituting criminal proceedings against the plaintiffs.

¶ 26     We note that the plaintiffs only complain of the allegations Zaryczny made to IAD regarding their behavior during the aldermanic election, and they argue that the allegations are not absolutely privileged because IAD is an administrative body. However, Zaryczny's allegations to IAD were made in the context of sending the Weis letter. That action certainly qualifies as having sent the complaint to a quasi-judicial body for the purpose of instituting criminal proceedings. Thus, all of the events that happened after the Weis letter was sent, including Zaryczny's communications with ASA McCarthy, occurred in the context of quasi-judicial proceedings. The plaintiffs are misguided in their attempt to carve out the allegations made to IAD as separate, on the grounds that IAD is an administrative body. Those

allegations were clearly a part of the ongoing investigation that was triggered by the Weis letter. An investigation is a continuum and it defies rational thinking to isolate certain portions of the investigation in order to apply different levels of privilege. Once Zaryczny made the complaint, she had no control over the manner in which Superintendent Weis conducted the investigation. Her statements to IAD were clearly a part of the investigation. There is no doubt that the investigation was a quasi-judicial proceeding.

¶ 27 The plaintiffs also argued that Illinois law recognizes a distinction between allegations made against citizens and allegations made against law enforcement members. In support of their argument, the plaintiffs cite *Doe v. Kutella*, No. 93 C 7183, 1995 WL 758131 (N.D. Ill. Dec. 20, 1995), an unpublished memorandum opinion and order of United States District Court for the Northern District of Illinois. The plaintiffs also cite *Flannery v. Allyn*, 47 Ill. App. 2d 308 (1964). We find those cases factually distinguishable from the instant case. In *Kutella*, the allegedly defamatory statements against a police officer were made to police supervisors and the internal investigations division (IID), as an administrative complaint. *Kutella*, 1995 WL 758131, at *1. In *Flannery*, the defendant sent a letter to the chief of the Chicago park district which complained of a Chicago park district officer's conduct and requested that "disciplinary action" be taken. *Flannery*, 47 Ill. App. 2d at 310. In both cases, the allegedly defamatory statements were made to administrative bodies for the purpose of instituting administrative remedies, unlike the facts of this case. Thus, we decline the plaintiffs' invitation to create a standard that refuses to apply absolute privilege when allegedly defamatory statements are made to law enforcement officials about police officers for the purpose of instituting criminal proceedings. Accordingly, we hold that the trial court did not err in granting Zaryczny's motion to reconsider and dismissing the plaintiffs' third amended complaint with prejudice on the grounds that Zaryczny's allegations were absolutely privileged.

¶ 28 We next determine whether the trial court erred in granting Zaryczny's motion to reconsider based on the plaintiffs' argument that she did not meet the burden for reconsideration.

¶ 29 The plaintiffs argue that the trial court erred in granting Zaryczny's motion to reconsider because she did not meet the burden for reconsideration. Specifically, the plaintiffs claim that Zaryczny's motion to reconsider did not present any newly discovered evidence or errors in the trial court's previous application of existing law. See *Korogluyan v. Chicago Title & Trust Co.*, 213 Ill. App. 3d 622, 627 (1991). In this case, the trial court granted Zaryczny's motion to reconsider because it found that her allegations against the plaintiffs were absolutely privileged, contrary to its original ruling on Zaryczny's motion to dismiss. As previously discussed, we find that the trial court was correct in its finding that Zaryczny's allegations against the plaintiffs were absolutely privileged. We commend the trial court for taking the matter for reconsideration in order to correct an erroneous ruling. Therefore, we are not persuaded by the plaintiffs' argument and we find that Zaryczny met the burden for reconsideration.

¶ 30 For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 31 Affirmed.