NOTICE

Decision filed 04/29/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 220610-U

NO. 5-22-0610

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| | ) | Circuit Court of |
| ANDREW SPERANEO, | ) | Williamson County. |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| and | ) | No. 20-D-142 |
| | ) | |
| JESSICA POWLESS, f/k/a Jessica Speraneo, | ) | |
| | ) | |
| Respondent-Appellant | ) | Honorable |
| | ) | Carey C. Gill, |
| (Patrick Hunn, Movant-Appellee). . | ) | Judge, presiding. |

JUSTICE McHANEY delivered the judgment of the court.
Justices Welch and Cates concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where the attorney requesting payment of fees from his client neither filed a motion to withdraw nor was granted leave to withdraw, the trial court's order granting the requested attorney fees is reversed.

¶ 2    In February 2022, Jessica Powless formerly known as Jessica Speraneo (Powless) discharged her attorney (Wilson)[1] and hired new counsel. Wilson neither sought nor obtained leave of court to withdraw as attorney of record. Thereafter, Wilson filed a motion for an award of the

---

[1]Wilson was an attorney with the Hunn Law Group, P.C., the movant-appellee.

1

balance of attorney fees allegedly owed by Powless. The trial court granted Wilson's motion and denied Powless's motions to reconsider. For the reasons that follow, we reverse and remand.

¶ 3                                    I. BACKGROUND

¶ 4      Powless changed attorneys during her dissolution of marriage case. Attorney Darrell Dunham entered his appearance on behalf of Powless on February 14, 2022. Attorneys Dunham and Wilson filed a "Stipulation for Substitution of Attorneys" on February 15, 2022. Wilson failed to file a separate motion to withdraw, nor did the trial court enter an order authorizing his withdrawal.

¶ 5      On March 18, 2022, Wilson filed a motion seeking payment of outstanding attorney fees from Powless. Attached to the motion was the engagement agreement for legal services and Wilson's affidavit, which averred that he was hired by Powless on March 22, 2021, and was owed outstanding fees of $4703.36. The motion did not attach any records detailing the services performed, the time expended, and the hourly rate charged. See *In re Marriage of Shinn*, 313 Ill. App. 3d 317, 323 (2000).

¶ 6      On May 10, 2022, Wilson sent the trial court a letter seeking an order to award him the outstanding fees allegedly owed by Powless unless she filed an objection within five business days as provided by local court rule.[2] On May 17, 2022, at 10:34 a.m., the trial court entered Wilson's proposed order awarding him $4703.36 for unpaid attorney fees. That same date, at 4:34 p.m., Powless filed her objection to Wilson's request, stating that the requested fees were not just or

_____

[2]The First Judicial Circuit Court Rule 1.12 states: "Unless the Court directs otherwise, whenever a written order or judgment is required, the attorney or the prevailing party shall promptly prepare and present a draft to the court, with proof of service on opposing counsel. The draft tendered may be entered forthwith unless objection is made within five working days after service of the draft." First Judicial Cir. Ct. R. 1.12 (May 2, 2016).

reasonable and asking the trial court to schedule a hearing to determine the reasonableness of those fees.

¶ 7    On May 19, 2022, Powless filed a motion to reconsider the May 17, 2022, order, arguing that it had been prematurely entered because she had timely filed her objection to Wilson's fee request. After a hearing on July 19, 2022, the trial court denied Powless's motion to reconsider, stating:

"THIS COURT'S ENTRY OF THE ORDER GRANTING MOTION FOR ATTY FEES WAS TIMELY ENTERED. THE MOTION WAS FILED ON 3/18/22, AND TIME TO RESPOND EXPIRED AT LATEST ON 4/18/22, AND COURT COULD HAVE ENTERED THE PROPOSED ORDER PRIOR TO WAITING 5 BUSINESS DAYS AS STATED ATTORNEY WILSON'S LETTER. FURTHER, THE OJBECTION WAS FILED ON THE 5TH BUSINESS DAY, BUT AFTER 4:00 P.M., AFTER THE CLERK'S OFFICE CLOSED, AND WAS NOT PROCESSED UNTIL THE NEXT BUSINESS DAY.

*** ANY FAILURE TO ATTACH THE INVOICE OF SPECIFIC TIME ENTRIES WAS WAIVED B[Y] NOT TIMELY OBJECTING TO THE MOTION, AND ALSO IS NOT FATAL."

¶ 8    On July 20, 2022, Powless filed a motion to reconsider the July 19, 2022, order, arguing that Wilson failed to timely file his motion for attorney fees; that she could not have waived her objections to the proceedings pursuant to section 508(c)(3) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/508(c)(3) (West 2020)) because she received no notice that attorney Wilson was proceeding under that section; that her objections were timely filed with the court; and assuming that Wilson's request was filed pursuant to section 508(c) of the Act, Wilson

3

provided the court with no evidence that the requested fees were necessary or reasonable. See *In re Marriage of Krivi*, 283 Ill. App. 3d 772, 780 (1996).

¶ 9     On August 19, 2022, the trial court held its hearing on Powless's motion to reconsider. The court denied the motion concluding that even if Powless's objection was timely due to e-filing rules, it was still untimely because it was filed more than 30 days after Wilson filed his motion on March 18, 2022. The court also concluded that although Wilson never filed a motion to withdraw as Powless's attorney, and there was no order granting his withdrawal or order substituting attorneys, the filing was not barred because "TECHNICALLY ATTY WILSON/HUNN REMAIN AS COUNSEL OF RECORD" and "THEREFORE, THE PETITION FOR FEES WAS NOT TIME BARRED, AND THIS COURT HAD JURISDICTION TO HEAR THE ISSUE." While noting that Wilson's fee petition "WAS UTTERLY WITHOUT CITATION TO THE AUTHORITY IN WHICH IT WAS FILED UNDER," the trial court found that Powless failed to raise any objection to this deficiency on a timely basis.

¶ 10                              II. ANALYSIS

¶ 11     "[A] trial court's decision to award or deny fees will be reversed only if the trial court abused its discretion." *In re Marriage of Schneider*, 214 Ill. 2d 152, 174 (2005) (citing *In re Marriage of Snow*, 277 Ill. App. 3d 642, 653 (1996)). A trial court's decision constitutes an abuse of its discretion "where no reasonable person would take the view adopted by the trial court." *Id.* at 173 (citing *In re Marriage of Puls*, 268 Ill. App. 3d 882, 888 (1994)).

¶ 12     A different standard of review is required for the trial court's denial of Powless's motion to reconsider. "The purpose of a motion to reconsider is to bring to the trial court's attention a change in the law, an error in the trial court's previous application of existing law, or newly discovered evidence that was not available at the time of the prior hearing or decision." *Horlacher*

4

*v. Cohen*, 2017 IL App (1st) 162712, ¶ 79 (citing *Hachem v. Chicago Title Insurance Co.*, 2015 IL App (1st) 143188, ¶ 34). If a motion to reconsider is based on a "trial court's purported misapplication of existing law, our standard of review is *de novo*." *Id.* ¶ 80 (citing *Belluomini v. Zaryczny*, 2014 IL App (1st) 122664, ¶ 20).

¶ 13   We begin with the trial court's initial ruling that Powless's objection to Wilson's proposed order to award attorney fees was untimely. This issue involves the local court rule requiring an opposing party to object within five days, the construction of mandatory e-filing requirements in Illinois, and whether a written response to a motion for attorney fees must be filed within 30 days after the date the motion was filed.

¶ 14   Regarding Powless's May 17, 2022, objection filed in opposition to Wilson's May 10, 2022, letter to the court, the applicable local court rule allows an opposing party five "working" days from service of the proposed order to object. First Judicial Cir. Ct. R. 1.12 (May 2, 2016). On May 10, 2022, Wilson sent his letter to the court stating: "On today's date, I have submitted a proposed Order for Payment of Attorney's Fees in the above referenced cause [and] I have also served a copy of the proposed Order and this correspondence upon *** Attorney Darrell Dunham." We agree with the parties and the trial court that the fifth day by which Powless needed to object was May 17, 2022. Powless filed her objection on that date, after the trial court had earlier entered Wilson's proposed order awarding him fees on that same date. The trial court ruled that Powless's objection was untimely because she e-filed her objection after the Williamson County Circuit Clerk's Office had physically closed for the day.

¶ 15   Although the trial court ultimately acknowledged that Powless's objection was "timely" in that it complied with e-filing parameters, we find it instructive to briefly review the rules regarding e-filing. E-Filing became mandatory in Illinois courts on January 1, 2018, by which the Illinois

Supreme Court's initiative provided "an around-the-clock uniform filing experience for Attorneys and Self-Represented Litigants *** to any Illinois court using technology to streamline the filing process ***." https://www.illinoiscourts.gov/eservices/efileil/ Illinois Supreme Court Rule 9(d) specifically addresses filing of e-filed documents in the circuit court: "Unless a statute, rule, or court order requires that a document be filed by a certain time of day, a document is considered timely if submitted before midnight (in the court's time zone) on or before the date on which the document is due." Ill. S. Ct. R. 9(d) (eff. Feb. 4, 2022). Thus, because Powless filed her objection on day five before midnight C.S.T., her objection was timely, and the trial court's initial ruling that her objection was untimely because the circuit clerk's office was physically closed, was erroneous.

¶ 16    Alternatively, the trial court concluded that regardless of the local five-day rule, Powless was prohibited from filing a response to Wilson's original March 18, 2022, motion for fees because more than 30 days had passed since it was filed. We find that this ruling was also erroneous. Wilson's motion for fees was not served on Powless by a summons, and there was otherwise no statutory timeframe by which Powless was required to file a written response to Wilson's motion. If the original March 2022 motion had been set for hearing by the trial court, Powless could have appeared in court and contested the motion without the requirement of filing a responsive pleading.

¶ 17    Because Powless's written objection to Wilson's proposed order was not late, we conclude that the trial court abused its discretion in granting Wilson's motion for attorney fees. Although finding that this case must be remanded for consideration of Powless's objection, we also address the denial of Powless's motion to reconsider in consideration of section 508 of the Act. Section 508(a) provides: "Fees and costs may be awarded in any proceeding to counsel from a former client in accordance with subsection (c) of this Section." 750 ILCS 5/508(a) (West 2020). Section

6

508(c) provides the method by which an attorney may file a petition for fees against a client within the dissolution case: "No petition of a counsel of record may be filed against a client unless the filing counsel previously has been granted leave to withdraw as counsel of record or has filed a motion for leave to withdraw as counsel." *Id.* § 508(c)(1). The court cannot hold a final hearing unless (1) counsel and the client had entered into a written engagement agreement when counsel was retained in compliance with subsection 508(f); (2) the written engagement agreement is attached to counsel's affidavit filed with the petition for fees; *** (4) *counsel has withdrawn* as counsel of record; and (5) the petition seeks adjudication of all unresolved claims between counsel and his client for fees and costs. *Id.* § 508(c)(2).

¶ 18    Here, Wilson failed to withdraw as counsel of record for Powless before the May 17, 2022, order was entered, irrespective of his intent to do so. Acknowledging that Wilson had not withdrawn as counsel, the trial court concluded that Powless was still represented by Wilson and found that it had the authority to award the requested fees because of this continued representation. This finding was erroneous based upon the express language of section 508(c)(1) of the Act: "No petition of a counsel of record may be filed against a client unless the filing counsel previously has been granted leave to withdraw as counsel of record or has filed a motion for leave to withdraw as counsel." *Id.* § 508(c)(1). Because Wilson failed to file a motion to withdraw, nor had been granted to leave to withdraw at the time the court entered its order awarding attorney fees, that order was an abuse of discretion and must be reversed.

¶ 19    Further, there was no hearing on Wilson's fee request, and the court's order contained nothing regarding the reasonableness or necessity of those fees. See *In re Marriage of Krivi*, 283 Ill. App. 3d at 780.

¶ 20    For the same reasons articulated in this order determining that the trial court abused its discretion in awarding attorney fees, we find that the trial court's August 19, 2022, order denying Powless's motion to reconsider was also in error and is reversed.

¶ 21                                III. CONCLUSION

¶ 22    For the above reasons, we reverse the Williamson County circuit court's orders and remand for further proceedings.

¶ 23    Reversed and remanded.