2025 IL App (1st) 242109-U

FIFTH DIVISION
October 24, 2025

No. 1-24-2109

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | | |
|---|---|---|
| THE VILLAGE OF HOMEWOOD and THE HOMEWOOD POLICE DEPARTMENT, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 2023 CH 05073 |
| METROPOLITAN ALLIANCE OF POLICE, CHAPTER #621, | ) ) ) ) | Honorable Caroline Kate Moreland, |
| Defendant-Appellee. | ) ) | Judge Presiding. |

_____

JUSTICE MIKVA delivered the judgment of the court.
Presiding Justice Mitchell and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*: Circuit court's dismissal of municipality's complaint as untimely is reversed; good cause for relief under Illinois Supreme Court Rule 9 was shown where municipality's timely filing was rejected due solely to an error of the clerk's office.

¶ 2    Plaintiffs, the Village of Homewood and the Homewood Police Department (together, the Village), filed a complaint seeking to vacate a portion of the arbitration award in this police misconduct matter on the day that such a challenge was due. The clerk's office, noting that the Village was a government entity and believing it was entitled to a filing fee exemption, rejected

that timely filing because it lacked the cover sheet required when such an exemption is sought. The Village successfully refiled the complaint the following day, but the Metropolitan Alliance of Police, Chapter #621 (the Union), which represented the officer at arbitration, moved to dismiss the complaint as untimely.

¶ 3    The circuit court granted the motion, concluding that the Village had not demonstrated that good cause existed, under Illinois Supreme Court Rule 9(d)(2) (eff. Feb. 1, 2024), to treat the filing as timely. In the court's view, the failure to include the cover sheet was an avoidable attorney error that the Village could have corrected if it had not waited until the last day to file its complaint. The Village moved for reconsideration, arguing for the first time in its motion to reconsider that the cover sheet was not required, as the Village was represented by private counsel who did not possess a public entity filer account and had never sought a fee exemption. The Union did not dispute this but insisted the Village had forfeited that argument by raising it for the first time in its motion to reconsider. The circuit court agreed.

¶ 4    The Village now appeals, arguing that (1) its complaint is timely under an amended version of Rule 9 that took effect after this appeal was initiated but that should be applied retroactively, (2) the circuit court abused its discretion when it concluded that the Village failed to demonstrate good cause under the prior version of the Rule, and (3) the circuit court abused its discretion in denying the Village's motion to reconsider. For the reasons that follow, we reverse.

¶ 5                                I. BACKGROUND

¶ 6    The parties summarize in some detail the police misconduct proceedings that are at the heart of this case. We find those proceedings irrelevant to the narrow issue before us. It is sufficient to note, as alleged in the Village's complaint, that the Village and the Union are parties to a collective bargaining agreement, that the Union represented a patrol officer who was discharged

from the Village's police department for misconduct, and that the matter was arbitrated pursuant to the grievance procedures set forth in the parties' agreement. On February 22, 2023, the arbitrator issued an award directing the Village to reinstate the officer with backpay, subject to a 30-day unpaid suspension. The Village filed a complaint in the circuit court seeking to vacate the portion of the award reinstating the officer, and in the record on appeal that document is file-stamped May 24, 2023.

¶ 7    On October 16, 2023, the Union moved to dismiss the complaint as untimely, pursuant to section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2022)), and to confirm the arbitration award in its entirety. The Union pointed out that section 8 of the Illinois Public Labor Relations Act (5 ILCS 315/8 (West 2022)) requires a challenge to an arbitration award to be filed pursuant to the Illinois Uniform Arbitration Act (Arbitration Act or Act), which in turn provides that a party seeking to vacate an arbitration award must apply to the circuit court for such relief "within 90 days after delivery of a copy of the award to the applicant ***" (710 ILCS 5/12(b) (West 2022)). The Union argued the Village's complaint, dated May 24, 2023—the 91st day following delivery of the arbitrator's award—was therefore untimely.

¶ 8    In response to the Union's motion, the Village sought relief pursuant to Rule 9(d)(2), which then provided: "If a document is rejected by the clerk and is therefore untimely, the filing party may seek appropriate relief from the court, upon good cause shown." Ill. S. Ct. R. 9(d)(2) (eff. Feb. 4, 2022). The Village submitted the affidavit of Denise Kato, a paralegal at Laner Muchin Ltd., the firm that represents it in this matter. Ms. Kato stated that she originally filed the Village's complaint on May 23, 2023, but that the next morning, May 24, 2023, "the Clerk of the Court rejected the original filing and instructed [the Village] to use a 'Fee Exempt and Reduced Agency Cover Sheet' in filing on behalf of public agencies." Ms. Kato stated that she immediately

3

resubmitted the complaint with the requested cover sheet and it was accepted by the clerk's office within 34 minutes of her being informed of the rejection. The attached notices Ms. Kato received from the clerk's office show that at 5:23 p.m. on May 23, 2023, she was informed that her filing had been submitted and told: "You will be notified by email in 24-48 hours if your filing has been accepted or rejected." At 10:27 a.m. on May 24, 2023, she was informed that the filing had been rejected, with instructions to "[p]lease submit 'Fee Exempt and Reduced Agency Cover Sheet' form." And at 11:01 a.m. on May 24, 2023, she received a notice that the refiled complaint had been accepted. The Village argued that good cause existed because the complaint was initially filed on time, the complaint itself had no defects, and after being advised of the issue with the cover sheet, the firm "corrected the filing error in minutes and refiled the same Complaint."

¶ 9       In reply, the Union acknowledged that, when it filed it motion to dismiss, it "did not know [the Village] had timely submitted and only been rejected based solely on filing the wrong administrative document contained outside the four corners of the complaint." But dismissal was still proper, the Union insisted, because the Village had waited until the last minute to file, leaving itself no time to correct any errors with its filing that the clerk's office might identify.

¶ 10      The circuit court granted the Union's motion in a memorandum opinion and order entered on March 19, 2024. The court concluded that the Village had not shown good cause to treat its complaint as timely under Rule 9(d)(2). In the court's view, omitting the fee exemption cover sheet from the original filing was "an entirely avoidable attorney error that could not be attributed to confusion or an imperfection in the e-filing system." The Village was aware that its filing could be rejected within 24-48 hours of submission and had provided no explanation for its error.

¶ 11      The Village moved for reconsideration on April 17, 2024. It argued for the first time that it was never required to submit a fee exemption cover sheet with its complaint because it had not

sought a fee exemption. The cover sheet itself, the Village noted, provides that it "shall be filed with the initial pleading by a party in all civil actions filed by a law enforcement agency or unit of local government *wherein such agency seeks a fee exemption*." (Emphasis added.) Contrary to the court's determination that the omission of the cover sheet was "an entirely avoidable attorney error," the Village now argued that it had made no error. The decision of the clerk's office to reject the filing, even if well intentioned, was wrong, and constituted good cause to deem the filing timely. The Village had not focused on the clerk's error, it insisted, because it had not felt it needed to. Rule 9(d)(2), which provided a mechanism to establish good cause regardless of why a filing was rejected, did not require that an error or fault be shown by anyone.

¶ 12    In support of its motion, the Village submitted a second affidavit by Ms. Kato. Ms. Kato now averred that Laner Muchin was a private sector law firm serving as outside counsel for the Village, that the firm did not have a public entity filer account with Cook County, and that it therefore could not file "as public sector municipal/corporation counsel" on behalf of the Village or any of its other public sector clients. Ms. Kato explained that she wished to correct her previous affidavit. Although she had previously stated that when the clerk's office rejected the Village's original complaint she refiled it with the requested fee exemption cover sheet, "what [she] actually submitted was information regarding [the cover sheet]." When she refiled the complaint, she wrote "in the 'Documents' section of the filing envelope: 'Note to Clerk: Cannot re-file as Governmental. We do not fit in any of the check boxes.' " The Village attached to its motion a printout of the electronic filing "envelope" containing this message.

¶ 13    The Union did not dispute that the fee exemption cover sheet had never been required. It instead argued that the Village had raised no proper basis for the court to reconsider its ruling, as it had pointed to "no new facts, no new law, and no criticism of the Court's application of the facts

to the law as presented to it by the parties." That the fee exemption cover sheet was not required was an argument the Village should have made in response to the motion to dismiss and one that could not be made for the first time in its motion for reconsideration. The Union asked the court to deny the motion and to sanction the Village for initially filing a false affidavit.

¶ 14     The circuit court took the matter under advisement, issuing a written ruling denying both the motion for reconsideration and the request for sanctions on October 4, 2024. It stated:

> "A successful Rule 9(d)(2) claim requires a showing of 'good cause.' Given what was offered by Plaintiffs in their Reply to Defendant's Motion to Dismiss, this Court did not find that good cause existed. Plaintiffs are now trying to inject two additional arguments via their Motion: that the Cover Sheet was not mandatory and that the Rule does not require a showing of technical or human error. This is not based on newly discovered evidence or changes to the law—the corrected affidavit of Denise Kato makes clear Plaintiffs knew that they could not submit the Cover Sheet at the time they re-filed their Complaint. As such, these arguments are waived. Plaintiffs could have raised these arguments to show good cause in their Reply, but they failed to raise them then and cannot raise them now.

> After reviewing Plaintiff's briefs on the motion to reconsider, the Court does not find that it misapplied the law. The Court will stand on its written ruling issued March 19, 2024. Plaintiff's motion to reconsider is denied."

¶ 15     The Village now appeals.

¶ 16                                        II. JURISDICTION

¶ 17     The circuit court dismissed the Village's complaint on March 19, 2024, and denied the Village's timely motion for reconsideration of that ruling on October 4, 2024. The Village filed its notice of appeal on October 18, 2024. This court has jurisdiction pursuant to Illinois Supreme

Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017), which together govern appeals from final judgments entered by the circuit court in civil cases.

¶ 18                                    III. ANALYSIS

¶ 19     The circuit court dismissed the Village's complaint as untimely under section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2024)). A motion to dismiss made under section 2-619 assumes that the allegations of the complaint are true but asserts some other affirmative matter that defeats the plaintiff's claim. *Id.* We review the dismissal of a complaint under this section *de novo*. *Smith v. Waukegan Park District*, 231 Ill. 2d 111, 115 (2008).

¶ 20                 A. Retroactive Application of Amended Rule 9(d)

¶ 21     The Village first argues that its complaint is timely under a retroactive amendment to Rule 9. As noted above, when the Union's motion to dismiss was pending and decided in the circuit court, Rule 9(d)(2) provided: "If a document is rejected by the clerk and is therefore untimely, the filing party may seek appropriate relief from the court, upon good cause shown." Ill. S. Ct. R. 9(d)(2) (eff. Feb. 1, 2024). The rule was amended on May 21, 2025—after the Village initiated this appeal but before it filed its opening brief—and no longer requires a party seeking relief to demonstrate good cause.

¶ 22     Rule 9(d) now provides that "[i]f a document is rejected for any reason, the filing party may, within 5 court days of the notice of rejection, file a motion requesting that the later-filed document be deemed to have been filed on the original submission date." Ill. S. Ct. R. 9(d)(1)(A) (eff. Aug. 11, 2025). The motion must set forth the date of the original submission, the date of the rejection, and the reason for the rejection, and reattach the document with "no changes from the original except to correct the error identified by the clerk as the reason for the rejection, if applicable." *Id.* Where these requirements are met, the rule now provides that the court "shall"

grant the motion and enter an order establishing the date of filing as that of the original submission. Ill. S. Ct. R. 9(d)(1)(B) (eff. Aug. 11, 2025).

¶ 23    The Village argues that this amendment is procedural, that it creates no new substantive right or obligation and that, under section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2024) (applicable to the Illinois Supreme Court Rules through Rule 2(a) (Ill. S. Ct. R. 2(a) (eff. Oct. 1, 2021)), it therefore applies retroactively. It urges us to remand this case to the circuit court for application of this new rule, under which it believes the circuit court will lack discretion to deny its requested relief. The Union argues that the amendment does not apply retroactively and that, even if it did, it is no longer possible for the Village to file a motion within 5 days of the clerk's rejection notice.

¶ 24    The amendment to Rule 9(d) does, as the Village maintains, change the procedure for a party seeking relief from the consequences of a rejected filing. But even purely procedural amendments are only applied retroactively "so far as practicable," *i.e.*, where feasible. *People ex rel. Alvarez v. Howard*, 2016 IL 120729, ¶¶ 30-33. We simply do not view it as feasible to remand for the Village to file a motion under the amended rule, where, as the Union points out, the five days provided for in the amendment to make a correction after a pleading has been rejected have now long passed.

¶ 25    However, for the reasons discussed below, we agree with the Village that it was an abuse of discretion for the circuit court to conclude that good cause was not shown under the version of Rule 9(d) that applied when the Union's motion to dismiss was pending and decided.

¶ 26                    B. Good Cause Under the Prior Version of Rule 9(d)

¶ 27    We review a circuit court's determination of whether a party has made a showing of good cause warranting relief under Rule 9(d) for an abuse of discretion. *Davis v. Village of Maywood*,

8

2020 IL App (1st) 191011, ¶ 13. That same standard applies when we review a court's ruling on a motion to reconsider. *Belluomini v. Zaryczny*, 2014 IL App (1st) 122664, ¶ 20. "[U]nder this umbrella of abuse of discretion," however, we must sometimes "apply other standards of review, depending on whether the underlying issue is one of fact or law." *In re Commitment of Holt*, 2022 IL App (1st) 210402, ¶ 89. It is an abuse of discretion to enter a ruling that is "arbitrary, fanciful, or unreasonable," such that "no reasonable person would take the same view." *McCarthy v. Union Pacific R.R. Co.*, 2022 IL App (5th) 200377, ¶ 62. But it is also an abuse of discretion for the court to misapply the law when exercising its discretion. *Id.* Whether the court applied the correct legal standard is a question of law that we review *de novo*. *Poundstone v. Cook*, 2025 IL App (3d) 240322, ¶ 25.

¶ 28    The Village argues that the circuit court's refusal to grant it relief under Rule 9(d)—and its subsequent dismissal of the Village's complaint as untimely—was based on an erroneous application of the law. We agree. The circuit court began with the erroneous presumption that the Village was *required* to submit a fee exemption cover sheet with its complaint and that its failure to do so was "an entirely avoidable attorney error." The parties' arguments, and the court's analysis in ruling on the Union's motion to dismiss, logically focused on the circumstances under which attorney error is deemed excusable.

¶ 29    The court's view was that parties who wait until the last minute should know that they run the risk of being unable to correct their filing errors. It concluded that the circumstances here were akin to those in *Kilpatrick v. Baxter Healthcare Corp.*, 2023 IL App (2d) 230088, ¶¶ 4, 23-24, relied on by the Union, where a filing made close to the deadline was rejected because the attorney inadvertently included his law firm's attorney number rather than his own attorney registration number, and where this court determined that this was "an entirely avoidable attorney error" that

9

highlighted "the perils of waiting until the [last] day to file a [complaint]." (Internal quotation marks omitted.) The circuit court found distinguishable *Davis*, 2020 IL App (1st) 191011, ¶¶ 1, 21, 28, 35, relied on by the Village, where counsel failed to enter his Cook County Attorney Code in the appropriate box, but where it was within the first two weeks of a mandated transition to electronic court filing, the name of the required field was "confusing at best," and the new procedures were unfamiliar to all involved.

¶ 30    The difficult distinction drawn in these cases between categorizing attorney errors as excusable or inexcusable simply has no application here, where there was no attorney error for the Village to correct. The fee exemption cover sheet plainly states that it is required only where a government filer is seeking an exemption, and the Village, represented by private counsel, did not seek an exemption. The only error here was on the part of the clerk's office, which rejected a perfectly compliant and timely filing. Good cause certainly existed to treat the Village's complaint as timely filed because it *was* timely filed. See *Wilder v. Board of Review of the Department of Employment Security*, 2022 IL App (1st) 210839-U, ¶ 32 (noting that where "the court is convinced that a party properly presented his or her filing to the clerk within the statutory time for filing, errors attributable to the clerk's office should not render that filing untimely"); *cf. Azim v. Department of Central Management Services*, 164 Ill. App. 3d 298, 303 (1987) (concluding that "the errors of ministerial officers whom the plaintiffs cannot control should not serve to deprive them of their right to appeal").

¶ 31    The Union argues neither that the cover sheet was required nor that the Village did anything wrong when it initially filed its complaint on May 23, 2023. Its position on appeal is that the Village should have realized this sooner and not raised the argument for the first time in its motion to reconsider. The purpose of a motion to reconsider is to bring to the court's attention newly

discovered evidence that was not available at the time of the original hearing, changes in existing law, or—applicable here—errors in the court's application of the law. *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 36. It is generally true both that "one may not raise a legal theory for the first time in a motion to reconsider" (*Holzer v. Motorola Lighting, Inc.*, 295 Ill. App. 3d 963, 978 (1998)) and that arguments not made in a plaintiff's response to a motion to dismiss are forfeited (*Evanston Insurance*, 2014 IL 114271, ¶ 36).

¶ 32    The Village attempts to avoid forfeiture by suggesting that the legal error here was that the circuit court did not apply Rule 9(d)(2) at all, but Rule 9(d)(1), and that until the court issued its ruling, the Village had no notice of this error. Candidly, this argument makes no sense. There is no indication at all in the court's memorandum opinion and order that it applied Rule 9(d)(1), which—when that version of the rule applied—was implicated only where a filing was untimely "due to any court-approved electronic filing system technical failure." Ill. S. Ct. R. 9(d)(1) (eff. Sept. 1, 2024). Although the court noted that the omission of the fee exemption cover sheet could not be attributed to an imperfection in the e-filing system, the basis of its ruling was that the omission was an attorney error. The error in the court's application of the law here was its presumption that the fee exemption cover sheet was required. That is an error the Village could have but failed to point out to the court in its response to the Union's motion to dismiss, and it is therefore forfeited.

¶ 33    Forfeiture is a limitation on the parties, however, and not on this court. *Monroy-Perez v. Sentry Select Insurance Co.*, 2025 IL App (1st) 241711, ¶ 31. We may, in our discretion, overlook general principles of forfeiture where we conclude that our obligation to ensure a just result or to maintain a sound and uniform body of precedent overrides considerations of forfeiture. *Hux v. Raben*, 38 Ill. 2d 223, 225 (1967). That is particularly so where, as here, a case involves a fully

briefed question of law. *Forest Preserve District of Du Page County v. First National Bank of Franklin Park*, 2011 IL 110759, ¶ 28.

¶ 34    Our supreme court recently agreed with our application of these principles in very similar circumstances in *Midwest Commercial Funding, LLC v. Kelly*, 2023 IL 128260. That case involved a dispute between two judgment creditors. The circuit court concluded that the corporate creditor's citation to discover assets, which was served by e-mail, held priority over the individual creditor's citation, sent through the United States Postal Service, because the email was received first. *Id.* ¶ 1. The individual creditor argued for the first time in her motion for reconsideration that e-mail service was not permitted, but the circuit court concluded that argument was forfeited. *Id.* ¶ 7. We excused the forfeiture on appeal, noting that the issue was fully briefed by the parties, no prejudice would result from our consideration of it, and it was in the public's interest for us to reach the merits of the parties' dispute. *Id.* ¶ 18. Our supreme court agreed. *Id.*

¶ 35    The Arbitration Act affords parties the right to challenge an arbitration award within 90 days (710 ILCS 5/12(b) (West 2022)), and that is precisely what the Village did. We agree with the Union and the circuit court that the Village should have raised its argument that a fee exemption cover sheet was never required in its response to the Union's motion to dismiss. But we can understand why neither the parties nor the circuit court here thought to question a directive from the clerk's office, which could reasonably be presumed to know what a proper filing requires. For these reasons, we find it appropriate to disregard forfeiture.

¶ 36    Because there was no attorney error that needed excusing here, the circuit court's determination that the Village failed to demonstrate good cause was based on a misapplication of the law, and "a trial court 'by definition abuses its discretion when it makes an error of law.' " *Carlson v. Jerousek*, 2016 IL App (2d) 151248, ¶ 69 (quoting *Koon v. United States*, 518 U.S. 81,

100 (1996)). Having found it appropriate to overlook the Village's forfeiture for raising this issue for the first time in its motion to reconsider, we conclude that the circuit court should have entered an order correcting the filing date of the Village's complaint, *nunc pro tunc*, to May 23, 2023, and denied the Union's motion to dismiss.

¶ 37      C. Whether Dismissal Was Proper Based on the Form of the Village's Pleading

¶ 38      As an alternative basis for affirming the circuit court's dismissal, the Union argues that a complaint is an "[i]mpermissible [v]ehicle" and an "improper pleading" to challenge an arbitration award. The Union directs our attention to section 15 of the Arbitration Act, which states:

> "Except as otherwise provided, an application to the court under this Act shall be *by motion* and shall be heard in the manner and upon the notice provided by law or rule of court for the making and hearing of motions in civil cases. Unless the parties have agreed otherwise, notice of an initial application for an order shall be served in the manner provided by law for the service of summons in civil cases." (Emphasis added.) 710 ILCS 5/15 (West 2022).

¶ 39      The Union correctly notes both that the word "shall" reflects a mandatory requirement and that "[a] motion is substantively and procedurally distinct from a complaint." A complaint is the filing that generally initiates a matter in the circuit court—and the Village has identified a number of cases where a party seeking to challenge an arbitration award did so by filing a complaint, just as it did here. But section 2-201 of the Code of Civil Procedure, which generally provides that actions "shall be commenced by the filing of a complaint," makes clear that this is only where not "otherwise expressly provided by statute" (735 ILCS 5/2-201 (West 2022)).

¶ 40      The Village urges us to find this argument unsupported and therefore "waived," on the basis that the Union cites no case holding that an application to vacate an arbitration is subject to dismissal where it is made in the form of a complaint rather than a motion. Unsupported arguments

13

are forfeited, not waived, on appeal. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (noting that arguments must contain citations to the authorities relied on and that "[p]oints not argued are forfeited"); *People v. Lesley*, 2018 IL 122100, ¶¶ 36-37 (explaining the difference between forfeiture and waiver). But the Union has quoted the relevant statutory language and relies on well known rules of statutory construction. Case law is not the only way in which a party can support an argument as required by Rule 341(h)(7). The Union has not forfeited this argument.

¶ 41    We are unpersuaded, however, that a failure to style one's pleading in the form required by the Act requires dismissal with prejudice and that we should affirm the circuit court's dismissal on that basis. The modern approach to pleading long followed by our courts, and reflected in our Code of Civil Procedure, favors "the resolution of litigation on the merits and the avoidance of elevating questions of form over questions of substance." *Zeh v. Wheeler*, 111 Ill. 2d 266, 278 (1986). Under this approach, it is "the substance of a motion, not its title, [that] determines how the court should treat it." *Silverstein v. Brander*, 317 Ill. App. 3d 1000, 1005 (2000). The Village's complaint was filed within the 90 days allowed for under section 12 of the Arbitration Act (710 ILCS 5/12 (West 2024)) and seeks to vacate an arbitration award for one or more of the reasons listed in that section. It is plainly an application, made under the Act, to vacate an arbitration award, and it should be treated as one on remand. To affirm the dismissal of this case because the document was not styled as a motion would, in our view, elevate form over substance in a manner that neither the legislature nor our supreme court has indicated is appropriate.

¶ 42                                  IV. CONCLUSION

¶ 43    We reverse the circuit court's dismissal of the Village's challenge to the arbitration award in this matter. The Village demonstrated good cause for the acceptance of its late filing under the version of Illinois Supreme Court Rule 9 that was then in effect, and we therefore need not consider

whether a subsequent amendment to that rule applies retroactively. We do not agree with the Union that the fact that the Village filed a complaint rather than a motion is an alternate ground for us to affirm this dismissal. On remand, the Village's complaint should be treated as a motion under the Act. The circuit court is directed to enter an order correcting the filing date, *nunc pro tunc*, to May 23, 2023, and to proceed from there.

¶ 44    Reversed and remanded.