2025 IL App (1st) 241797-U

SECOND DIVISION
June 30, 2025

No. 1-24-1797

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| JAY SHACHTER, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 21 L 12948 |
| | ) | |
| ROBERT RODEMEYER, | ) | Honorable |
| | ) | Maureen O. Hannon, |
| Defendant-Appellee. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE VAN TINE delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the circuit court's dismissal of plaintiff's defamation lawsuit where the complaint failed to state a claim upon which relief may be granted.

¶ 2    Jay Shachter sued Robert Rodemeyer for defamation. Shachter alleged that Rodemeyer falsely stated that Shachter "committed an act of violence against a member of [Shachter's] family." Rodemeyer moved to dismiss the complaint pursuant to 5/2-619.1 of the Code of Civil

Procedure (Code) (735 ILCS 5/2-619.1 (West 2020)), and the circuit court dismissed the lawsuit with prejudice. Shachter appeals. For the following reasons, we affirm.

¶ 3                                          I. BACKGROUND

¶ 4     On December 28, 2021, Shachter filed a *pro se* complaint against Rodemeyer, an assistant state's attorney, based on an allegedly defamatory statement Rodemeyer made about him during a November 3, 2021, juvenile court proceeding. Shachter's relationship to the juvenile court proceeding is unclear from the record. The complaint alleged that Rodemeyer knowingly and falsely stated that Shachter committed violence against a family member. It did not quote or otherwise specify what the allegedly defamatory statement was; it alleged only that Rodemeyer falsely stated that Shachter committed an act of violence against a family member.

¶ 5     The complaint also alleged that the November 3, 2021, juvenile court proceeding, held pursuant to section 405-1-5(6) of the Juvenile Court Act (705 ILCS 405-1-5(6) (West 2020)), should have been closed to the public but was actually open to the public.[1] Shachter alleged that Rodemeyer "wanted [the proceeding] to not be closed to the public." Shachter did not specify how, or in what way, it was open to the public. He gave no factual basis for this assertion.

¶ 6     As to damages, Shachter alleged that Rodemeyer "prejudiced [him] in [his] profession" by potentially jeopardizing the "secret clearance" the United States government had granted him for his job as a government contractor. Shachter stated that the security clearance would be re-evaluated every five years and suggested that Rodemeyer's statement could negatively impact his clearance, which would result in him losing his job. Shachter also stated that he "may want to get a better job" in the future, and that would require "top secret clearance."

---

[1]Section 405/1-5(6) provides that the "general public except for the news media and the crime victim *** shall be excluded from any hearing ***." 705 ILCS 405-1-5(6) (West 2020).

¶ 7    Rodemeyer moved to dismiss Shachter's complaint under section 5/2-619.1 of the Code. 735 ILCS 5/2-619.1 (West 2020). A motion under section 5/2-619.1 allows a defendant to incorporate motions under sections 5/2-615 and 5/2-619 as a single motion, which is what Rodemeyer did. See *id.*

¶ 8    Under section 5/2-615, Rodemeyer sought dismissal based on litigation privilege and failure to state a claim. As to litigation privilege, Rodemeyer argued that he was absolutely privileged to publish defamatory matter during a judicial proceeding in which he participated (in this case, the proceeding in juvenile court). As to failure to state a claim, Rodemeyer argued that Shachter failed to satisfy the elements of a defamation claim because he did not allege what was said or damages with sufficient particularity.

¶ 9    Under section 5/2-619(a)(9), Rodemeyer sought dismissal based on four affirmative defenses: (1) prosecutorial immunity, (2) litigation privilege, (3) sovereign immunity, and (4) tort immunity. As to the first ground, he argued that prosecutorial immunity protects prosecutors from suits for damages arising out of their duties as advocates for the state. Rodemeyer also asserted the litigation privilege as an affirmative defense. As to sovereign immunity, he argued that state's attorneys, as employees of the state government, are subject to the sole jurisdiction of the Court of Claims. Finally, Rodemeyer argued that the Tort Immunity Act protects him from liability. 745 ILCS 10/2-202, 2-204, 2-208 (West 2020).

¶ 10    In a written decision issued on March 11, 2024, the circuit court dismissed Shachter's complaint with prejudice. In support of granting the dismissal pursuant to section 2-615, the court ruled that Shachter failed to state a claim for either defamation *per se* or defamation *per quod* because absolute litigation privilege applied. In granting the 2-619 motion, the court ruled that absolute prosecutorial immunity as well as the Tort Immunity Act (745 ILCS 10/2-202, 2-204, 2-

208 (West 2020)) protected Rodemeyer from liability. Shachter filed a motion to reconsider, which the court denied on August 8, 2024.

¶ 11    Shachter appeals.

¶ 12                                    II. ANALYSIS

¶ 13    On appeal, Shachter argues that the circuit court erred in dismissing his defamation suit against Rodemeyer. Shachter spends much of his brief arguing that we need not reach the issue of whether absolute prosecutorial immunity applies. We agree that we need not reach that issue because we find that the litigation privilege applies to bar Shachter's defamation action. Accordingly, the circuit court properly granted Rodemeyer's section 2-619.1 motion.

¶ 14                              A. Standard of Review

¶ 15    We review the circuit court's ruling on any type of motion to dismiss *de novo*. See *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 361 (2009). *De novo* review means we engage in the same analysis as the circuit court. *Xuedong Pan v. King*, 2022 IL App (1st) 211482, ¶ 16.

¶ 16                              B. Legal Standard

¶ 17    Illinois is a fact-pleading jurisdiction that requires a plaintiff to present a legally and factually sufficient complaint. *Maxon v. Ottawa Public Co.*, 402 Ill. App. 704, 715 (2010). To state a claim for defamation, a plaintiff must allege sufficient facts showing that (1) the defendant made a false statement about the plaintiff, (2) the defendant made an unprivileged publication of that statement to a third party, and (3) the publication caused damages. *Project44, Inc. v. FourKites, Inc.*, 2024 IL 129227, ¶ 20. A pleading for defamation must be pled with sufficient precision and particularity. *Moore v. People for the Ethical Treatment of Animals, Inc.*, 402 Ill. App. 3d 62, 74 (2010) (citing *Green v. Rogers*, 234 Ill. 2d 478, 492 (2009)).

¶ 18    Illinois considers five types of statements actionable *per se* without a showing of special damages: (1) words that impute the commission of a criminal offense; (2) words that impute infection with a loathsome communicable disease; (3) words that impute an inability to perform or want of integrity in the discharge of duties of office or employment, (4) words that prejudice a party, or impute lack of ability, in his or her trade, profession, or business, and (5) words that impute a person has engaged in fornication and adultery. *Green*, 234 Ill. 2d at 491-92. "Although a complaint for defamation *per se* need not set forth the allegedly defamatory words [verbatim], the substance of the statement must be pled with sufficient precision and particularity so as to permit initial judicial review of its defamatory content." *Id.* at 492. If a defamation claim is actionable *per se,* the plaintiff need not plead or prove actual damage to his reputation to recover. *Owen v. Carr,* 113 Ill. 2d 273, 277 (1986).

¶ 19    If a statement does not fall into one of these categories, a defamation claim may still be actionable *per quod* if either (1) the statement is defamatory on its face, or (2) if not defamatory on its face, the plaintiff must plead extrinsic facts to demonstrate the statement's injurious meaning. *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 103 (1996). In either type of defamation *per quod* action, the plaintiff must allege special damages, which are pecuniary (money) losses and damages to the plaintiff's reputation resulting from the defendant's defamatory statement. *Id*.

¶ 20                    C. Motion to Dismiss under Section 2-615

¶ 21    Rodemeyer moved to dismiss Shachter's complaint pursuant to section 2-615 (735 ILCS 5/2-615 (West 2020)) for failure to state a claim upon which relief may be granted. A 2-615 motion tests the legal sufficiency of a pleading and a court must accept all well-pleaded facts in the complaint as true, as well as all reasonable inferences that may be drawn from those facts. *K. Miller*

*Construction Company, Inc. v. McGinnis*, 238 Ill. 2d 284, 291 (2010). Rodemeyer argues that Shachter has not pled facts sufficient to satisfy the three elements of a defamation action. We agree.

¶ 22    Shachter did not specify whether he was pleading defamation *per se* or defamation *per quod*. However, both theories of defamation require a plaintiff to fulfill the same three essential elements: (1) the defendant made a false statement about the plaintiff, (2) the defendant made an unprivileged publication of that statement to a third party, and (3) the publication caused damages. *Project44*, 2024 IL 129227, ¶ 20. And Shachter has not pled facts sufficient to allege any of the elements with the requisite specificity. We consider each element in turn.

¶ 23                          1. False Statement

¶ 24    Shachter alleged only that, during a juvenile court proceeding, Rodemeyer stated he had committed an act of violence against a family member. Shachter has not pled defamation *per se*, but a charitable construction of his pleading could potentially lead us to believe he had attempted to invoke the first and/or fourth category of statements that constitute defamation *per se*.[2] However, Shachter's allegation is too ambiguous to allow us to review the allegedly defamatory statement. Although a plaintiff need not plead the allegedly defamatory statement verbatim, the "substance of the statement must be pled with sufficient precision and particularity so as to permit initial judicial review of its defamatory content." *Green*, 234 Ill. 2d at 492. The vague nature of Shachter's allegation does not allow us to determine whether the statement rose to the level of imputing the commission of a criminal offense or imputing a lack of ability in his profession. An "act of violence" does not necessarily mean the commission of a crime, and it is not specific

---

[2](1) words that impute the commission of a criminal offense; (4) words that prejudice a party, or impute lack of ability, in his or her trade, profession, or business.

enough for us to determine whether an allegation of committing an unknown, imprecise act of violence somehow prejudices Shachter in his profession. We simply cannot review the statement because it lacks sufficient specificity, and, accordingly, Shachter's pleading under this element of defamation is insufficient.

¶ 25                                    2. Unprivileged Publication

¶ 26    The second element in any defamation action requires the plaintiff to allege facts showing that the defendant made an unprivileged publication of the statement to a third party. *Green*, 234 Ill. 2d at 478. In this case, Rodemeyer argues that the litigation privilege applies, and therefore Shachter cannot satisfy this element of his claim. In *O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152, we adopted the Restatement (Second) of Torts' approach to the litigation privilege, which provides:

> "An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding." *Id.* ¶ 24 (quoting the Restatement (Second) of Torts § 586 (1977)).

¶ 27    "The privilege applies to statements that are relevant, pertinent, or bear some relation to the subject in controversy." *Bedin v. Northwestern Memorial Hospital*, 2021 IL App (1st) 190723, ¶ 40. "This pertinency requirement is not strictly applied and we resolve all doubts in favor of pertinency." (Internal citations omitted.) *O'Callaghan*, 2015 IL App (1st) 142152, ¶ 25. That is, the privilege applies "even where the defamatory statement is not confined to specific issues related to the litigation." *Malevitis v. Friedman*, 323 Ill. App. 3d 1129, 1131 (2001). We must

resolve all doubts regarding pertinency "in favor of finding the communication pertinent to the litigation." *Doe v. Williams McCarthy, LLP*, 2017 IL App (2d) 160860, ¶ 19.

¶ 28    Based on the foregoing, the litigation privilege applies if the allegedly defamatory statement is published (1) during a judicial proceeding (2) by an attorney who participates as counsel in that proceeding, and (3) the statement has some relation to the proceeding. First, the parties agree that the allegedly defamatory statement occurred during a juvenile court proceeding, which is a judicial proceeding. Second, Rodemeyer is an assistant state's attorney, and the Cook County State's Attorney represents the state in actions under the Juvenile Act. See 705 ILCS 405/1-6 (West 2020). Finally, Shachter alleged Rodemeyer made an allegedly defamatory statement that Shachter committed violence against a family member in a juvenile case. Because we do not know the specifics of what Rodemeyer said, it is unclear as to whether the alleged defamatory statement is related to the prior proceedings. However, any doubts regarding pertinency must be resolved "in favor of finding the communication pertinent to the litigation." *Williams McCarthy, LLP*, 2017 IL App (2d) 160860, ¶ 19. Accordingly, the litigation privilege applies. Because the litigation privilege applies, Shachter has not and cannot plead facts to show there was an unprivileged publication. To the extent there was any publication, it was privileged.

¶ 29                                   3. Damages

¶ 30    In his complaint, Shachter alleged that if he were to lose his security clearance, he would lose his job. However, he did not allege that the allegedly defamatory statement would cause him to lose his security clearance. A generous reading of Shachter's allegation suggests that he *might* lose his security clearance due to the allegedly defamatory statement. He does not explain how or why. Shachter also stated that he "may" want to get a better job in the future, and again, suggests this could be more difficult due to the allegedly defamatory statement.

¶ 31    As to a potential defamation *per se* claim, the plaintiff need not allege actual money damages, as we may infer injury so long as the challenged statement falls within the five recognized categories of *per se* defamatory content. *Owen,* 113 Ill. 2d at 277. However, even assuming in this case that Shachter sufficiently pled damages by stating he might lose his security clearance at work, he has not satisfied the first and second elements of a defamation claim, as explained above. Accordingly, he has not stated a claim for defamation *per se* as a matter of law.

¶ 32    As to a potential defamation *per quod* claim, the plaintiff must allege actual money damages. *Bryson*, 174 Ill. 2d at 103. Shachter has not done so. He has offered only speculative damages of what could possibly happen to his security clearance at some unidentified point in the future: he *might* lose his security clearance upon applying for renewal, and he *may* want to get a better job at some unknown time. This is not enough, as "Illinois courts have consistently stated that general allegations such as damages to one's health or reputation, economic loss, and emotional distress are insufficient to state a cause of action for defamation *per quod*." *Kurczaba v. Pollock*, 318 Ill. App. 3d 686, 694 (2000). At most, Shachter's damages allegation hints at a potential economic loss due to possibly not obtaining a clearance renewal. Shachter has not pled facts sufficient to meet the damages element of a *per quod* defamation claim.

¶ 33    Because Shachter has failed to state a claim for both defamation *per se* and defamation *per quod*, the circuit court properly dismissed his complaint under section 2-615 of the Code. See 735 ILCS 5/2-615 (West 2020).

¶ 34                    D. Motion to Dismiss under Section 2-619(a)(9)

¶ 35    Rodemeyer asserts the affirmative defense of litigation privilege. Under section 2-619(a)(9) of the Code, a defendant may assert an affirmative defense that defeats the plaintiff's claim. 735 ILCS 5/2-619(a)(9) (West 2020). The litigation privilege may be brought as an

9

affirmative defense under section 2-619. *Bedin*, 2021 IL App (1st) 190723, ¶ 39 ("The absolute litigation privilege is an affirmative defense that may be raised and determined in a motion to dismiss brought under section 2-619.").

¶ 36    As explained above, we determined that the litigation privilege applied to defeat the second element of a defamation claim (an unprivileged publication of an allegedly defamatory statement to a third party). The litigation privilege not only defeats the second element of a defamation action but also serves as an affirmative defense to defeat the defamation action as a whole. *Id.* ¶ 39. Accordingly, the court properly granted Rodemeyer's section 2-619(a)(9) motion to dismiss.

¶ 37                            E. Juvenile Court Proceeding

¶ 38    Finally, Shachter makes a cursory argument that the November 3, 2021, court proceeding at which Rodemeyer allegedly defamed him was improper because it should have been closed to the public but was not. However, he does not allege any facts to show that it was not closed. He does not allege that any individual was there who should not have been there. He does not indicate how the hearing on that day was any different from other juvenile proceedings. Importantly, under our fact-pleading standard (see *Maxon*, 402 Ill. App. at 715), Shachter must allege more, which would include at least facts indicating the proceeding was open rather than closed, and what damages he suffered as a result. He included neither. As with his defamation allegations, he provided no facts as to the nature of this proceeding, even assuming such a claim exists in the law.

¶ 39                                III. CONCLUSION

¶ 40    For these reasons, we affirm the judgment of the circuit court of Cook County.

¶ 41    Affirmed.